## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* BOARD OF DIRECTORS OF RED RIVER LEVEE DISTRICT NO. 1.

Opinion delivered February 4, 1907.

1. LEVEE—ASSESSMENT OF RAILROAD TRACK.—Where there is evidence sufficient to sustain a finding that a railroad track was benefited by the building of a certain levee, a legislative determination that the railroad should be assessed for the purpose of building such levee is conclusive upon the courts, whether the track was benefited as much as other property in the district or not. (Page 563.)

2. SAME—MODE OF ASSESSMENT.—It is within the discretion of the Legislature to require that assessments for levee purposes should be made according to the whole value of the land in the levee district, or according to the value of the benefit added by the improvement. (Page 565.)

3. SAME.—The act creating Red River Levee District No. 1, (Acts 1905, p. 231 *et seq.*) is not unconstitutional in providing, in section four, that a levee tax shall be assessed on the real estate in the district according to the valuation of lands on the tax books for State and county purposes. (Page 567.)

Appeal from Lafayette Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*S. H. West* and *Gaughan & Sifford,* for appellant.

1. Appellant ought not to be compelled to pay this tax regardless of benefit. The courts have the power in every case to determine whether there is any benefit which is direct and certain to the property of the complainant embraced in the improvement district, and, if it is found that no direct or certain benefit will result, to refuse their aid. 69 Ark. 68, 76.

2. In raising revenue in the district there is no burden of taxes placed upon the personal property of any one in the district except that of appellant. As to whether or not a railroad right of way can be assessed for local improvements, see Elliott on Railroads, § 786, and authorities cited in notes.

*Henry Moore, Jr.,* for appellee.

The power of the Legislature to create improvement districts, and to declare what property is benefited, has been settled by this court. 72 Ark. 119. "A tract within the district may be above overflow without the levee and yet in various ways greatly bene-

fited by the levee." 59 Ark. 537. Special assessments are made upon the assumption that a portion of the community is to be especially benefited in the enhancement of the value of property peculiarly situated as regards the contemplated expenditure of public funds; and, in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the persons receiving it. Cooley on Taxation, 416. The method of levying the local assessments is a legislative question. *Id.* 447; 2 Dill. Mun. Corp. (4 Ed.), 752; 164 U. S. 174; 125 U. S. 345; 181 U. S. 338. On the question of the right in this State to tax the track and right of way of a railroad for local improvements, see 68 Ark. 380. "It is within the power of the Legislature of a State to create special taxing districts and to charge the cost of local improvements in whole or in part upon the property in said district either according to valuation of superficial area or frontage, and it was not the intention in *Norwood* v. *Baker,* 172 U. S. 269, to hold otherwise." 181 U. S. 394. See, also, 69 Ark. 76; 77 Ark. 383.

Appellant's contention that the burden of taxation upon personal property within the district is placed upon it alone is without merit. Its ties, spikes, angle bars and steel rails, when attached to the soil in the form of a railroad, become real estate for the purposes of taxation. Kirby's Digest, § 6945; 67 Ark. 501.

McCULLOCH, J. The General Assembly, at the session of 1905, created a levee district covering certain teritory in Lafayette County through which the railroad of appellant runs, and this is a suit instituted in the chancery court by the board of directors of said district to enforce the payment of levee taxes assessed against the railroad. Acts 1905, pp. 231-255.

Appellant makes an attack upon the validity of the statute, in so far as it attempts to authorize a tax on the railroad, on two grounds, viz: First, that it is an attempt to impose a tax regardless of any benefit derived from the improvement, and, second, that the method authorized by the statute of assessing railroad property is invalid. We will dispose of these two questions in the order in which they are presented by appellant's counsel.

We are not confronted now by the question whether the Legislature can authorize an arbitrary assessment upon a class

of property for local improvement regardless of benefit, or where it is shown that no benefit can possibly accrue from the improvement to the property sought to be taxed.  We are not prepared to say that the Legislature may, without judicial hindrance, authorize the taxation of property for local improvement where no benefit can possibly accrue to the property taxed.

In *Norwood* v. *Baker*, 172 U. S. 269, Mr Justice Harlan, speaking for the court, after having quoted from a former decision of the court to the effect that the law-making body may generally determine what territory shall belong in a district formed for local improvement and what property shall be considered as benefited by a proposed improvement, said:

"But the power of the Legislature in these matters is not unlimited.  There is a point beyond which the legislative department, even when exerting the power of taxation, may not go consistently with the citizen's right of property.  As already indicated, the principle underlying special assessments to meet the cost of public improvement is that the property upon which they are imposed is peculiarly benefited, and therefore the owners do not, in fact, pay anything in excess of what they receive by reason of such improvement.  But the guaranties for the protection of private property would be seriously impaired if it were established, as a rule of constitutional law, that the imposition by the Legislature upon particular private property of the entire cost of a public improvement, irrespective of any peculiar benefits accruing to the owner from such improvement, could not be questioned by him in the courts of the country."

The doctrine of *Norwood* v. *Baker* has been modified to some extent by later decisions of the Supreme Court of the United States, but the soundness of the principle announced in the quotation just made from the opinion in that case has not been questioned.

This court announced substantially the same principle in the case of *State* v. *Moore*, 76 Ark. 197, where, in discussing the power of the Legislature to determine what are necessary expenses of government, it was said:  "The court in the Sloan case (66 Ark. 575) did not mean to lay down the doctrine, nor do we now, that the power of the Legislature to determine what is a necessary expense of government is arbitrary, bounded by no

limitations, and absolutely beyond control by the judicial department. We can readily call to mind subjects for appropriation so obviously beyond the scope of what may be deemed necessary expenses of government that the courts could, and in duty should, ignore a legislative determination, and declare as a matter of law that the same do not fall within that class."

But, as already stated, that is not the question which we have before us now. Appellant proved that it had already constructed its railroad through the territory above ordinary overflow before the creation of the levee district and also introduced evidence tending to show that no benefit would accrue to its property from the building of the levee. This, however, was contradicted by evidence introduced by the plaintiff to the effect that the property was greatly benefited by the improvement. It was shown by the testimony of witnesses who professed to know, and who apparently were well informed on the subject, that, notwithstanding the railroad was on a high dump constructed above overflow before the building of the levee, yet the dump was liable to injury from overflow, and the protection afforded by the levee was a considerable benefit to the railroad. It is well established by the evidence, we think, that the building of the levee was calculated to result and did result in benefit to the property of appellant which was taxed. It is not necessary that it should receive absolute protection from overflow, or that it should have been entirely without protection and subject to inundation before the levee was built. *Carson* v. *Levee District,* 59 Ark. 513. Whether it was benefited to an extent equal to that of other property in the district, we do not consider it necessary to determine. That was a matter largely for legislative determination in fixing the boundaries of the district and providing for the method of assessment of taxes. That it was a matter for legislative inquiry and determination, and that the courts must respect such determination, is settled, so far it can be done by a decision of this court, by the case of *St. Louis S. W. Ry. Co.* v. *Grayson,* 72 Ark. 119, and that decision is in accord with the authorities generally. *Matthews* v. *Kimball,* 70 Ark. 451, is substantially to the same effect. *Spencer* v. *Merchant,* 125 U. S. 345; *Paulsen* v. *Portland,* 149 U. S. 30; *Parsons* v. *District of*

*Columbia*, 170 U. S. 45; *French* v. *Barber Asphalt Co.*, 181 U. S. 324.

If the opinion in *Norwood* v. *Baker* can be construed to be in conflict with this rule, it has to that extent been modified or overruled by *French* v. *Barber Asphalt Paving Co.*, *supra*. In the last-named case the court in the opinion quoted with approval the following from the opinion of Mr. Justice Peckham in *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112:

"The Legislature, when it fixes the district itself, is supposed to have made proper inquiry, and to have finally and conclusively determined the fact of the benefits to the land included in the district, and the citizen has no constitutional right to any or further hearing upon that question. The right which he thereafter has is to a hearing upon the question of what is termed the apportionment of the tax, *i. e.*, the amount of the tax which he is to pay. * * * Unless the Legislature decide the question of benefits itself, the landowner has the right to be heard upon that question before his property can be taken."

This court has said in *St. Louis S. W. Ry. Co.* v. *Grayson*, *supra*, that the railway company had its opportunity to be heard upon the ascertainment of the amount it should pay when the assessment for State and county taxes was made by the State board of railroad commissioners. And the court quoted with approval the following statement of the law from Judge Cooley in his work on taxation: "The whole subject of taxing districts belongs to the Legislature. So much is unquestionable. * * * If the Legislature has fixed the district, and levied the tax, for the reason that in the opinion of the legislative body such district is plenteously benefited, its action must, in general, be deemed conclusive."

Nor can we see any conflict between the case last cited, as counsel seem to think there is, and *Ahern* v. *Board of Improvement*, 69 Ark. 68. On the contrary, that case sustains the method of assessment according to the value of the property as provided in this instance.

Mr. Justice RIDDICK, speaking for the majority of the court in that case, said: "I am therefore of the opinion that, under our Constitution, it is within the discretion of the Legislature to require that these assessments be made according to the whole

value of the land in the improvement district, or according to the value of the benefit added by the improvement. For practical purposes, one of these methods of assessment may be as good as the other, and it is for the Legislature to determine which shall be applied."

This brings us to a consideration of the other question, whether the method of assessment is valid. The act provides that the board of directors shall annually assess and levy a tax not to exceed four per cent. on the real estate in the district, according to the valuation of lands on the tax books for State and county purposes and upon railroad track of all railroad companies as appraised by the State Board of Railroad Commissioners. In other words, that the assessment shall be according to value as appraised for State and county taxation. This is the method of assessment for local improvement which was approved by this court in *Ahern* v. *Board of Improvement, supra,* and *Porter* v. *Waterman,* 77 Ark. 383. In the Grayson case *supra,* it was also applied especially to railroads. This method was also approved by the court in *Kansas City, P. & G. Ry. Co.* v. *Waterworks Improvement Dist.,* 68 Ark. 376. We can see no reason why it should not apply to railroad tracks as well as to the other property. Nor is it in conflict with any of the decisions of the Supreme Court of the United States. *Webster* v. *Fargo,* 181 U. S. 394. The fact that the assessment is made upon the whole value of the property does not imply that it is not also according to the benefits to accrue from the improvement, for it is not an arbitrary or unreasonable method of ascertaining the amount of the benefits to assume that they will accrue in proportion to the actual value of the whole property. The Legislature acted upon this assumption in providing that the assessments should be fixed according to value, and we can not say it is arbitrary or unreasonable.

But it is contended that, in accepting the assessment of railroad track made by the State Board of Railroad Commissioners, it included the ties, angle bars and rails which are personal property, so it is claimed, and should not be assessed for local improvement. The statutes of this State expressly declare that the right of way of a railroad and all tracks, side tracks, turn-outs and other things situated on and appurtenant thereto shall be

included within the meaning of the term "railroad track," and that the same shall be held to be real estate for the purposes of taxation. Kirby's Digest, § § 6940-6944. This does not include rolling stock and other movable property, which are separately provided for under the scheme of assessments of railroad property for taxation. Kirby's Digest, § 6946. This court held that stockyards on the right of way of a railroad must, under the statute, be considered a part of the right of way and assessed as a part of the real estate. *St. Louis, I. M. & So. Ry. Co.* v. *Miller Co.,* 67 Ark. 498.

We find nothing in the statute creating the levee district, nor in the method of assessing the property liable for the cost of the levee, which renders them invalid.

The decree against appellant for the taxes, penalty and costs, and declaring the same to be a lien on the road, is therefore affirmed.