MOORE *v*. BOARD OF DIRECTORS OF LONG PRAIRIE LEVEE DISTRICT.

Opinion delivered February 27, 1911.

1. LEVEES—LEGISLATIVE ASSESSMENT.—A legislative authorization of assessments for local improvements, such as a levee, based on the valuation of the property, will be upheld as a legislative determination that the benefits will accrue in proportion to such valuation. (Page 116.)

2. SAME—POWERS OF LEGISLATURE.—In the exercise of its powers, the Legislature may act directly in determining the area to be benefited by a proposed local improvement and the rate of apportionment and in levying the assessments, fixing the amounts and determining the benefits to accrue from the improvement; and the exercise of such power by the Legislature is subject to review by the courts only where there is an arbitrary and manifest abuse of power by the Legislature, and not where there is merely a mistake of judgment. (Page 117.)

3. SAME—LEGISLATIVE ASSESSMENT—VALIDITY.—A complaint seeking to enjoin a local assessment fixed by the Legislature which alleges in general terms that the assessment is "arbitrary, excessive and confiscatory," without alleging facts which show that the decision of the lawmakers was not merely erroneous, but was so manifestly outside the range of the facts as to amount to an arbitrary abuse of power, is insufficient. (Page 117.)

Appeal from Lafayette Chancery Court; *J. M. Barker,* Chancellor; affirmed.

*Henry Moore, Jr.,* for appellants.

1. This court has power to review the constitutionality of an act of the General Assembly fixing the rate of tax to be collected by a levee district.

The General Assembly has no power to authorize an assessment of 10 per cent. per annum for levee purposes, irrespective of the benefits the lands assessed receive from the erection of the levee. Art. 2, § 8, Const. 1874; 14th Amendment, U. S. Const.; 172 U. S. 269; Gray, Limitation of Taxing Power and Public Indebtedness, 1017; Hamilton, Law of Special Assessments, § § 58, 61, 182, 234-239, 464, 477; 96 Ga. 381; 42 Neb. 120; 61 O. St. 15; 63 N. J. L. 202; 23 L. R. A. 427; 45 L. R. A. 291. Assessments can be levied only upon lands peculiarly benefited by reason of such assessments, and only to the extent of the benefits so conferred. 3 L. R. A. (N. S.) 820; 61 L. R. A. 436; 55 L. R. A. 817; Cooley on Taxation, (2 ed.) 606; 53 Mo. 33; 176 Mass. 247; 173 Mass. 350.

While the General Assembly has, within legislative limits, a discretion in providing a mode of assessment ascertaining the benefits, yet, even in the absence of express constitutional restriction, its power is not unlimited, and an assessment for a local improvement upon property not benefited would amount to a taking without due process of law. 2 Dillon, Mun. Corp. (4 ed.) § 809; 67 L. R. A. 408; 13 Ark. 198; 15 Ark. 49. See also 32 Ark. 31; 48 Ark. 382; 59 Ark. 536; 69 Ark. 77. The Coffman case, 83 Ark. 54, is conclusive on the question at issue here. See also 85 Ark. 19-23.

2. The fact that some benefit has been derived from the building of the levee does not take from the landowners the right to contest the validity of assessments in excess of such benefit.

Under the holding in the Coffman case, *supra,* if the complaint in this case had alleged that no benefits had been received from the building of the levee, a good cause of action would have been stated. It cannot reasonably be held that, though the assessment would be invalid if no benefit whatever had resulted from the building of the levee, yet, since the owner has received some benefit, the Legislature in its discretion may charge the owner any sum it may see fit for such benefit, and thus confiscate the land. 181 U. S. 394, dissenting opinion of Harlan, J.; 154 Ind. 467, 49 L. R. A. 797; 82 Ill. 557; 168 Ill. 221; 48 N. E. 155; 11 La. Ann. 338; 67 Neb. 426; 93 N. W. 734; 37 N. J. L. 415; 18

Am. Rep. 729; 65 Pa. St. 146; 3 Am. Rep. 615; 109 Fed. 34; 172 U. S. 269; 91 Ark. 358.

*Searcy & Parks,* for appellee.

1. The demurrer was properly sustained.  That the Legislature has the power to establish a levee district, to determine what lands will be benefited and the extent of the benefits, and to fix the amount of the tax against the property, is no longer an open question in this State.   59 Ark. 528; 72 Ark. 119; 125 U. S. 345; 81 Ark. 562; 83 Ark. 54.   On this question our court is in accord with the great weight of authority.   See 182 U. S. 398; 181 U. S. 394; 97 U. S. 687; 140 Ala. 637; 76 Pac. 661; 80 Pac. 142; 115 Ia. 568; 89 N. W. 7; 78 Miss. 243; 28 So. 878; 47 Conn. 89; 37 Atl. 158; 96 Ga. 670; 23 S. E. 900; 46 N. E. 124; 59 L. R. A. 728.

2. Taking the legislative determination defining the levee district and assessing the lands benefited at 10 per cent. as conclusive, the complaint does not present a case of such arbitrary exercise of power as to work manifest injustice and come within the exception laid down in the case of *Coffman* v. *Drainage District,* 83 Ark. 54.  181 U. S. 371; 72 Ark. 478; 38 Ark. 519; 43 Ark. 315.

McCULLOCH, C. J.   The General Assembly of 1905 passed an act creating the Long Prairie Levee District and authorizing the levy of annual assessments not exceeding four per cent. of the valuation of lands, tramroads and railroad tracks as assessed for State and county taxation, for the purpose of building, maintaining and repairing a levee for the protection of the lands, etc., in the district.  Acts 1905, p. 267.  The General Assembly of 1909 amended the act so as to authorize the levy of assessments not to exceed ten per cent. of the valuation of lands, etc.  Acts 1909, p. 1001.

Appellants, Moore and others, who were landowners in the district, instituted this action in the chancery court of Lafayette County to restrain the collection by the board of directors of an assessment of ten per cent. on the valuation of the lands.  They offer to pay an assessment of four per cent. on the valuation, and allege that any assessment in excess of that percentage is excessive.  After setting forth the aforesaid acts of the Legislature concerning the authority of the board to levy assessments, the complaint contains the following paragraph:

"That said tax, over and above the sum of four per cent. on the assessed valuation of said lands, is arbitrary, excessive and confiscatory, and therefore is illegal, unconstitutional and void, and would amount to the taking of private property for public use without just compensation and be a confiscation of the lands of these plaintiffs, in contravention of the rights guarantied said plaintiffs under the Constitution of the State of Arkansas and the Constitution of the United States."

The court sustained a demurrer to the complaint.

This court has held in numerous recent cases that the Legislature may authorize assessments for local improvements based on the valuation of the property to be taxed, and that the courts will uphold them on the ground that it is a legislative determination that the benefits will accrue in proportion to such valuation, that being a method of assessing the benefits. *Kirst* v. *Improvement District,* 86 Ark. 1; *Alexander* v. *Board of Directors of Crawford County Levee District,* 97 Ark. 322.

This court has also held that in the exercise of its powers the Legislature may act directly, determining the area to be benefited and the rate of apportionment, or may levy the assessments directly, fixing the amounts and determining the benefits to accrue, and that the determination of the Legislature in these matters will be respected by the courts. *Sudberry* v. *Graves,* 83 Ark. 344; *St. Louis S. W. Ry. Co.* v. *Red River Levee Dist.,* 81 Ark. 562; *Coffman* v. *St. Francis Drainage Dist.,* 83 Ark. 54; *Alexander* v. *Board of Directors, supra.*

We have said in some cases that the legislative determination is not entirely beyond judicial review, where there is an attempt arbitrarily to levy assessments on property regardless of benefit, or where it is shown that no benefit can possibly accrue from the improvement to the property sought to be taxed. *St. Louis S. W. Ry. Co.* v. *Red River Levee Dist., supra; Coffman* v. *Levee Dist., supra.* It is on these decisions that appellants mainly rely in their attack on the present assessment.

In the Coffman case the complaint alleged that the lands in question, instead of receiving any benefits from the improvement, would be greatly injured, the facts showing the injury being specifically set forth; and Chief Justice HILL, speaking for the court, said: "Therefore the only question is whether the allega-

tions of this complaint show that the act of the Legislature is such an arbitrary abuse of the taxing power as would amount to a confiscation of plaintiff's property without any benefit whatsoever. * * * There being a specific denial of benefit, the court is constrained to believe that it is safer and more consonant to the justice of the case to overrule the demurrer and let a hearing be had as to whether there has been an abuse of the legislative discretion in charging these plaintiffs with the expense of a public improvement which would not benefit them, but injure them, thereby amounting to a confiscation of their property." In the opinion on rehearing he added: "The sole judicial question is whether this power operates so arbitrarily against plaintiffs as to amount to a confiscation of their property, to assess and tax their lands for an improvement which does not benefit them, but which injures them."

It will be seen from this that the court held that only an arbitrary and manifest abuse of power by the Legislature would be reviewed, and not merely mistakes of judgment. To hold otherwise would be to take away from the lawmakers the powers committed to them and to substitute the judgment of the courts, requiring the latter to review every matter alleged to have been erroneously determined by the Legislature. It is only an arbitrary determination of the lawmakers, made without just and reasonable basis, that the courts should review. We said in *Louisiana & Ark. Ry. Co.* v. *State*, 85 Ark. 12: "The legislative determination should be and is conclusive, unless it is arbitrary and without any foundation in justice and reason."

Nor can the courts review merely on general allegations that the assessments are "arbitrary, excessive and confiscatory." Facts must be pleaded which show that the decision of the lawmakers was not merely erroneous, but that it was manifestly outside of the range of the facts, so as to amount to an arbitrary abuse of power; for nothing short of that will authorize a review by the courts.

We are of the opinion that the complaint does not set forth facts which show an arbitrary abuse of power so as to authorize a judicial review. The demurrer was properly sustained.

Affirmed.