SALMON *v.* BOARD OF DIRECTORS OF LONG PRAIRIE LEVEE DISTRICT.

Opinion delivered October 23, 1911.

1. LEVEES—ENFORCEMENT OF ASSESSMENT—DEFENSE.—In an action to enforce an assessment to build a levee, it is no defense that the lands have not yet received any benefit from the levee, provided the lands would be benefited when the levee was completed according to the plans of the district.   (Page 368.)

2. SAME—VALIDITY OF ASSESSMENT.—The statute creating a levee district provided for annual assessments not exceeding 8 per cent. of the valuation of the lands, such rate to be determined at a meeting of the board on the third Tuesday in May in each year.   For 1907, the board on the day named levied an assessment at the maximum rate.   Later in the year the rate was lowered to 4 per cent., and subsequently raised to 5 per cent.   *Held*, that a taxpayer cannot escape payment of the 5 per cent. rate.   (Page 369.)

3. SAME—CONCLUSIVENESS OF LEGISLATIVE ASSESSMENT.—Where the Legislature has fixed the amount of assessments which may be levied upon the lands benefited by a levee, its finding is conclusive upon the amounts, unless an arbitrary and manifest abuse of power is shown. (Page 369.)

4. SAME—ENFORCEMENT OF ASSESSMENT—DEFENSE.—In a suit to enforce a levee assessment it is no defense that the levee was not properly constructed and affords no protection from overflow.   (Page 370.)

Appeal from Lafayette Chancery Court;   *J. M. Barker*, Chancellor;   affirmed.

*Henry Moore, Jr.,* for appellant.

1.  Property cannot be confiscated by an act of the Legislature through the agency of a special improvement or taxing district. 172 U. S. 269; 181 *Id.* 324, 394; Gray, Limitation of Taxing Power and Public Indebtedness, p. 1017; Hamilton on Special Assessments, 58, 61, 182, 234-5-6-7-8-9, 464, 477; 96 Ga. 381; 23 S. E. Rep. 408; 42 Neb, 120; 60 N. W. 368; 61 O. St. 15; 55 N. E. 164; 63 N. J. L., 202; 42 Atl. 733; 42 L. R. A. 641; 53 *Id.* 427.

2.  Assessments can only be laid upon lands peculiarly benefited because of such assessment, and only to the extent of the benefits so conferred. 3 L. R. A. (N. S.) 820; 61 L. R. A. 436; 55 *Id.* 817; Cooley on Taxation (2 ed.) 606; 53 Mo. 33; 176 Mass. 247; 173 *Id.* 350.

3.  The Legislature has within legislative limits a discretion in providing a mode of ascertaining the benefits, but, even in the absence of constitutional restriction, its power is not unlimited, and an assessment upon property not benefited would be taking without due process of law. 2 Dillon, Mun. Corp. (4 ed.) 809, p. 989; 67 L. R. A. 408; 13 Ark. 198; 15 *Id.* 49; 32 Ark. 31; 48 Ark. 382; 59 Ark. 536; 69 Ark. 77; 83 Ark. 54; 98 Ark. 543.

4.  To require land not benefited by the building of a levee to pay an annual tax of eight per cent. is an arbitrary abuse of power. 46 Ark. 105; 80 Ark. 102.

5.  The lands were not subject to taxation before they derived some benefit.

6.  The action of the board in lowering the rate and then increasing it was void.

7.  The rate should not have exceeded four per cent., and that amount was tendered. 91 Ark. 358; 172 U. S. 269; 109 Fed. 34; 65 Pa. St. 615; 37 N. J. L. 415; 49 L. R. A. 797; 82 Ill. 557.

*Searcy & Parks* for appellee.

1.  The questions raised in this case were practically decided in *Moore* v. *Board,* etc., 98 Ark. 113.

2.  The courts can not inquire into the fact as to whether or not the legislative determination as to the amount of benefits is erroneous and excessive or even exorbitant. It is not essential that actual enhancement in value be shown. It is only

where it is shown that the legislation is arbitrary and *without any benefit or possibility of benefit* that the courts are authorized to interfere.    81 Ark. 562; 83 Ark. 54; 135 S. W. 819; 136 S. W. 957. 81 Ark. 208; 53 S. W. 967.

3.    The levee need not be actually constructed, and each tract of land placed behind the levee before it is subject to the tax.    59 Ark. 539; 64 Ark. 258.

4.    The act authorized the levy of eight per cent., and the fact that the board saw later that it would only require five per cent., and levied that rate, does not render that levy void.

McCULLOCH, C. J.  Appellee, Board of Directors of Long Prairie Levee District, instituted actions against appellant, W. R. Salmon, and others to force payment of delinquent levee taxes—one for the assessments for the years 1907 and 1908, and the other for the year 1909.  Decrees were rendered in accordance with the prayer of each complaint, and Salmon only has appealed.  Substantially the same questions are raised in each of the two cases, and they have been heard together as one case.  The court overruled a demurrer to certain paragraphs of the complaint in the first case, and sustained demurrers to all the paragraphs of the answers, save those denying that the assessments were levied in accordance with the terms of the statute.  The entire levee was not constructed during the years 1907 and 1908, and it is alleged that appellant's lands received no protection from the portion which had been constructed at that time.  It is insisted that the lands were not subject to taxation before they derived some benefit in the way of protection from overflow.  This contention is unsound. The scheme contemplated by the creation of the district was for the construction of the levee as a whole, and the benefits were to accrue from the consummation of the plan.  The statute authorizes assessments for the construction and maintenance of the levee, and the assessments can, of course, be laid and collected in advance of the construction of the levee. The denial of authority to do that might frustrate the whole scheme, for construction work could not be begun until funds were raised for the purpose, either from assessments or from the sale of bonds upon anticipated assessments.  If authority exists to lay and collect assessments before commencing the

construction work, it follows that lands in the district can not escape taxes for years prior to the completion of the levee to a point where it will afford protection of those lands from overflow.

The legislative enactment creating the district authorized annual assessments not exceeding eight per cent. of the valuation of the land, the rate to be determined by the board at a meeting to be held on the third Tuesday in May of each year. In the year 1907, on the day named, the board levied assessment for that year at the maximum rate authorized by statute. Later in the year the board lowered the rate to 4 per cent. of the valuation, and, still later, raised it to 5 per cent. of the valuation. It is contended that the requirements as to time for fixing the rate is mandatory, and that the subsequent action of the board in lowering the rate and then raising it to 5 per per cent. was void. If it be conceded that the statutory specification as to time is mandatory, and that the board has no authority to subsequently change the rate of assessment, appellant can not escape payment of the 5 per cent. claimed, for, if his contention be sound, the rate should be 8 per cent., as originally fixed by the board, and he can not complain of the lower assessment.

Again, it is alleged in the answer, and it is now insisted, that the benefits to the land in question to be derived from the improvement will not be commensurate with the amount of assessments levied, and that the annual assessment should not have exceeded 4 per cent. of the valuation of the lands, which amount appellant tendered in court. The legislative branch of the government is, as we have said in several cases, the sole judge in the matter of creating improvement districts of this character, in establishing the boundaries thereof and in determining, or in providing means for determining, the amount of assessments based on benefits, and the courts will not interfere unless an arbitrary and manifest abuse of the power is shown. Mere mistakes of the lawmakers, or of those empowered by the lawmakers to make assessments, in fixing the amount or rate of assessment will not be reviewed and corrected by the courts. *Moore* v. *Board of Directors Long Prairie Levee District*, 98 Ark. 113; *Board of Improvement* v. *Pollard*, 98 Ark. 543.

There is no merit in the contention that appellant's lands can not be taxed because the levee was not properly constructed, or because it has caved away so that it no longer affords protection from overflow. The anticipated benefits were estimated in advance, and the assessments were levied accordingly, and the fact that the benefits have not been fully realized affords no avenue of escape from payment of assessments to defray the cost of the improvement.

The rulings of the chancellor were correct, and the decree is affirmed.