Board of Directors of Crawford County Levee District
v. Crawford County Bank.

Board of Directors of Crawford County Levee District
v. Moore.

Opinion delivered June 2, 1913.

1. Levee district—assessment—validity of statute.—The act of March 15, 1909 (Laws 1909, p. 159) provides for a valid method of assessment. *Alexander* v. *Board of Directors,* 97 Ark. 322. (Page 421.)

2. Levee districts—conclusiveness of legislative assessment.— Where the Legislature has fixed the amount of assessments which may be levied upon the lands benefited by a levee, its finding is conclusive as to the amounts, unless an arbitrary and manifest abuse of power is shown. (Page 421.)

3. Taxation—uniformity—constitutional requirements. — Absolute equality and uniformity in matters of taxation are unattainable, and substantial or approximate equality and uniformity is all that the Constitution requires. (Page 422.)

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*E. L. Matlock,* for appellant.

1. The Legislature has determined the benefits accruing to the lands in the district. This is final. Only an arbitrary and manifest abuse of the power can be

reviewed, not mere mistakes of judgment. 30 Ark. L. Rep. 252; 98 Ark. 113; 85 *Id.* 12; 83 *Id.* 344; 81 *Id.* 562.

2. The fact that part of the lands are above over-flow is not sufficient to show that the same would not be benefited by the levee. 59 Ark. 513; 64 *Id.* 258; 81 *Id.* 562; 99 *Id.* 100.

3. Whether the plaintiffs are benefited as much as others can not be determined by the courts. That was a matter for the Legislature. 72 Ark. 119; 64 *Id.* 258.

4. 97 Ark. 322 settles the question as to the method of assessment. See also 77 Ark. 384; 81 *Id.* 562.

5. Precise uniformity of taxation is not always obtainable. 96 Ark. 410. The constitutional requirement is satisfied when assessments are imposed equally upon all standing in like relation. 64 Ark. 555; 70 *Id.* 549; 70 *Id.* 451.

*Sam R. Chew* and *Jesse Turner,* for appellee.

1. Assessments for local improvements must be based on special benefits to accrue therefrom, and must be laid in substantial proportion to such benefits, and not in excess thereof. 97 Ark. 322; 86 *Id.* 1; 71 *Id.* 17; 69 *Id.* 68; 68 *Id.* 375; 64 *Id.* 375; 59 *Id.* 513.

2. The Legislative determination is not universally conclusive. Paige & Jones, Taxation by Assessment, § § 34, 86, 666; Cooley on Taxation 661-2-3; 57 Miss. 378; 65 Pa. St. 146; 181 U. S. 324; 71 Ark. 17; 69 Ark. 68; 48 Ark. 370; 83 *Id.* 54; 86 *Id.* 240; 85 *Id.* 469.

3. The constitutional requirement of uniformity and equality is violated by the act. 71 Ark. 17; 55 Ark. 148; Cooley on Taxation, p. 1260; 65 S. W. 643; 68 Ark. 376; 59 *Id.* 513; 64 *Id.* 258; 197 U. S. 430; 81 Ark. 562; 98 *Id.* 543; 99 *Id.* 100, 508; 100 *Id.* 366.

McCulloch, C. J. The plaintiff (appellee) in each of these cases owns land situated within the territorial boundaries of the Crawford County Levee District as prescribed by the special statute creating that district, and they instituted separate actions in the chancery court of Crawford County to enjoin the collection of assessments.

The act of March 15, 1909, creating the district, provides that the directors shall "assess and levy, annually, a tax upon the valuation as it shall appear each year upon the real estate assessment book of Crawford County, Arkansas, upon all lands and real estate within said district."

That method of assessment was declared to be valid by the decision of this court in the case of *Alexander* v. *Board of Directors,* 97 Ark. 322, as being a legislative determination that benefits to real property in the district will accrue in proportion to the value thereof assessed for State and county taxes. That method of assessment has likewise been upheld by this court in numerous cases. *St. Louis Southwestern Ry. Co.* v. *Grayson,* 72 Ark. 119; *Porter* v. *Waterman,* 77 Ark. 383; *St. Louis Southwestern Ry. Co.* v. *Board of Directors Red River Levee District,* 81 Ark. 562.

The legislative determination is conclusive and can not be reviewed by the courts unless there has manifestly been an arbitrary abuse of the power.

The last expression of the court on that subject is found in the case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Board of Directors,* 103 Ark. 127, where the former decisions on the same subject are cited.

In *Moore* v. *Board of Directors of Long Prairie Levee District,* 98 Ark. 113, we said:

"Only an arbitrary and manifest abuse of power by the Legislature would be reviewed, and not merely mistakes of judgment. To hold otherwise would be to take away from the law-makers the powers committed to them and to substitute the judgment of the courts, requiring the latter to review every matter alleged to have been erroneously determined by the Legislature."

In *Salmon* v. *Board of Directors,* 100 Ark. 366, the court said:

"The Legislative branch of the Government, is, as we have said in several cases, the sole judge in the matter of creating improvement districts of this character, in establishing the boundaries thereof, and in determining,

or in providing means for determining, the amount of assessments based on benefits, and the courts will not interfere unless an arbitrary and manifest abuse of the power is shown.  Mere mistakes of the law-makers, or of those empowered by the law-makers to make assessments, in fixing the amount or rate of assessment, will not be reviewed and corrected by the courts.''

Now, in the present cases, it is conceded that the lands of the plaintiffs will receive some benefit from the construction of the levee; but it is contended that the lands will not be benefited in the same proportion, and that the basis of assessment is unjust.

The cases fall, however, squarely within the principle announced in the decisions cited above, and to sustain the contention of plaintiffs is to overrule those cases.

The most that can be said, from the proof in these cases, is that, according to the preponderance of the evidence, the lands of the plaintiffs will not be benefited as much as other lands in the district, and that the benefits from the construction of the improvement will not accrue to the lands in the same proportion as other land values. So, the contention, after all, is that the Legislature has made a mistake of judgment in determining that the benefits will accrue in proportion to value, and that that is a fair and just basis.

The controlling principle in such cases can not, we think, be stated any clearer than has been done in many of our previous decisions, and, as before indicated, to decline to apply those principles in these cases would be to overrule those decisions, which have been steadily adhered to.  Absolute equality and uniformity in matters of taxation are unattainable, and substantial or approximate equality and uniformity is all that the Constitution requires.  *Shibley* v. *Fort Smith & Van Buren Bridge Dist.,* 96 Ark. 410.

Our conclusion, therefore, is that the chancellor, in each of the cases, erred in holding that the assessment was invalid.  For that reason, the decree in each case is reversed, and each cause is remanded with directions to enter decree dismissing the complaint for want of equity.