## MARTIN *v*. REYNOLDS.

### Opinion delivered July 10, 1916.

IMPROVEMENT DISTRICTS—DISCRIMINATION—EXEMPTION FROM ASSESS-
    MENT.—Act 330, Acts of 1909, exempting from assessment for an
    improvement district, lands in cities and towns upon which churches
    and parsonages were erected, but not exempting similar lands in rural
    districts, held invalid.

Appeal from Randolph Chancery Court, *Geo. T. Humphries*, Chancellor; reversed.

### STATEMENT BY THE COURT.

Appellant is a land owner in what is designated as "Murray Creek Drainage District," Randolph County, Arkansas. The Legislature attempted to create the above district by Act 330 of the Acts of 1909. Appellant brought this suit against appellees, alleging that appellees as the directors of the district were about to assess his lands for purposes declared in the act; that the act "is void for the reason that it expressly exempts from assessments for the making of said contemplated improvements all church, parsonage and school property, including private schools, and that within said district there are a number of churches, parsonages and school houses, including private schools, which will not be taxed under the provisions of said act, and that with the increased settlement of said lands resulting from said drainage, there will be additional churches, parsonages and school houses built, which under the terms of this act, will be exempt from said drainage tax, thereby throwing upon the remainder of the lands in said district, including the lands of this plaintiff, an additional burden, thereby taking private property for public use without due process of law."

The court sustained a demurrer to the complaint and from a judgment dismissing same this appeal is prosecuted.

*S. A. D. Eaton*, for appellant.

The act is unconstitutional and void. Acts 1909, § 8, subd. "d," p. 967. The demurrer should have been sustained. 5-6 Ark. 354; 48 *Id*, 251; *Ib*. 370; 57 *Id*. 554; 49 *Id*. 199; 117 *Id*. 30. Dissenting op. 56 Ark. 361. The act is void on its face for discrimination.

*Baker & Sloan*, for appellees.

1. Act 330 is not invalid. Private schools are exempt. 42 Ark. 536. Art 19, §27 Const. does not

apply where both rural and urban property is assessed. Its restraints only apply where the property lies wholly within a city or town.   84 Ark. 390; 59 *Id.* 513; 530, 531. The Constitution is silent as to districts outside cities and towns.   97 Ark. 322, 328.

2. ' The demurrer does not admit allegations legally impossible or contrary to legislative enactments or which the law does not allow to be proved.   6 Enc. Pl. and Pr. 338.

3.   The presumption is that property omitted from assessment was because under the law it was not benefitted.   80 Ark. 462.   The act was not intended to include churches and schools, which are exempt.   64 Ark. 432; 71 *Id.* 17, 21; 80 *Id.* 462; 83 *Id.* 344.   The legislation will may be delegated and § 5, Art. 16, Const., does not apply to assessments for public improvements levied or authorized by the Legislature.   87 Ark. 8, 12.

4.   The board met at the proper time.   The statute is merely directory.   71 Ark. 17; 95 *Id.* 757.   Mere irregularities in the form of the oath required by law, etc., are not material, as the proper safeguards are provided by the act, and as no prejudice resulted, the matters complained of are not available.   95 Ark. 757, 580.

5.   The relief prayed will only go to a plaintiff to the extent of his property.   83 Ark. 54, 61.

WOOD, J. (after stating the facts).   Section 8, subdivision (d) of the Act provides as follows:

"The property situated within the Murray Creek Drainage District, subject to assessment under the provisions of this act shall be as follows: All lands whether surveyed or unsurveyed, except lands of the United States; all school lands except tracts not to exceed three acres in area on which school buildings have been erected, or are in course of erection; all railroads owned, leased or operated in said district, including sidetracks; and all other real property belonging to railroad companies or bridge companies; all tram roads, whether made of wood, iron or steel; all town lots and blocks and other sub-divisions of lands in cities and towns, except those on which churches

and parsonages are erected, and every other kind or character of real property whatsoever situated within said drainage district."

The act exempts from assessment the land "on which churches or parsonages are erected in cities and towns." The lands of the district not in the cities and towns on which churches and parsonages may be erected are not exempt.

The act is void on its face. The discrimination against the lands in the rural territory on which churches and parsonages may be located, and in favor of such land in cities and towns is purely arbitrary. The act does not itself suggest any reason for such discrimination. No reason can be conceived why the Legislature should have made the fact of the location of church houses and parsonages on city lots ground for exemption that does not likewise apply to the rural territory upon which such buildings are erected. If the presumption could be indulged that the Legislature exempted lands in cities and towns upon which such buildings were erected because it ascertained that such lands were not benefited, then why would not the same presumption obtain as to such lands in the rural territory. Manifestly, if the lands in cities and towns upon which churches and parsonages are built, are to be exempt from assessment because of that fact, then the same rule should apply to the rural lands under the same conditions.

The case is controlled by the decision of this court in *Davis, as Collector* v. *Gaines*, 48 Ark. 371, 374. That was a case where the Legislature exempted land owners of four townships in a levee district from assessments for a certain year, not because they did "not belong to the class upon which the burden was imposed, but because * * * no levee work had been done on their river front prior to the passage of the act." "Such a provision," says the court, "violates the constitutional requirements of equality and uniformity, requirements which have the same application to special assessments for the improvement of property that they have to other kinds of taxation. To omit a part of the lands benefited is to

increase the burden of the others, and thus to defeat the rule of apportionment." See also *Monticello* v. *Banks*, 48 Ark. 251.

The principle of equality of burdens for all those similarly situated has never been departed from by this court in the matter of assessments for local improvements.

The terms "taxation" and "taxes" as used in article 16, section 5, of the constitution, and subsequent sections of that article, have reference alone to taxes for general purposes of revenue, State, county and municipal, and not to special assessments for local improvements. *Board of Improvement* v. *School District*, 56 Ark. 335; *Carson* v. *St. Francis Levee District*, 59 Ark. 513, 531; *Cribbs* v. *Benedict*, 64 Ark. 555, 562; *Sanders* v. *Brown*, 65 Ark. 498, 503; *Paving Dist.* v. *Sisters of Mercy*, 86 Ark. 109; *Caton* v. *Western Clay Drainage Dist.* 87 Ark. 8, 12. See also *McGehee* v. *Mathis*, 21 Ark. 40.

But while there is a clear distinction between the terms "taxation" and "taxes" and the words "assessment" or "special assessment," as used in our statute, the one referring to exactions laid by the government for purposes of general revenue and the other referring to exactions laid for making local improvements for the benefit of property owners, nevertheless they are both referable alike to the State's sovereign power of taxation. See Cooley on Taxation, 2nd Ed., p. 636; *Ahern* v. *Board of Improvement District*, 69 Ark. 68.

When the sovereign, under our constitution, lays burdens of taxation, in whatever form, whether for taxes, for general revenue purposes or in the way of special taxes or assessments for local improvements, all property owners similarly situated must be dealt with impartially. Hence the rule of uniformity and equality regnant in our constitution as to general taxation has also been invariably recognized and applied to special taxes or assessments for local improvements, and the doctrine announced in *Davis, as Collector,* v. *Gaines, supra,* is the rule as to these assessments. *Shibley* v. *Fort Smith & Van Buren Dist.,* 96 Ark. 410, 419.

In *Board of Directors, etc.* v. *Crawford, County Bank,* 108 Ark. 419, 421, quoting from *Salmon* v. *Board of Directors,* 100 Ark. 366, we said: "The legislative branch of the government is, as we have said in several cases, the sole judge in the matter of creating improvement districts of this character, and in determining, or in providing means for determining, the amount of assessments based on benefits, and the courts will not interfere unless an arbitrary and manifest abuse of the power is shown. Mere mistakes of the lawmakers, or of those empowered by the lawmakers to make assessments, in fixing the amount or rate of assessment, will not be reviewed and corrected by the courts."

But in the instant case the act on its face discovers that the Legislature exempted lots in cities and towns on which churches and parsonages were situated from assessment, presumably for the reason that they found that such lots were not benefited by the improvement. But it did not exempt lots in the country on which churches and parsonages were situated. Thus there was an unjust and unequal discrimination between lands of the same class. In this respect the act is an arbitrary and manifest abuse of power. The Legislature having exempted the lots and blocks in cities and towns on which churches and parsonages are located, it is not the province of the court to eliminate this feature of the act, for, in so doing, the court would be laying burdens of taxation upon the owners of such property. That is purely a legislative function. Courts have no such power.

It follows that the court erred in sustaining the demurrer to the appellant's complaint. The judgment is therefore reversed and the cause is remanded with directions to overrule the demurrer and to grant the prayer of appellant's complaint.