### CURTIS *v.* HOPSON.

Opinion delivered February 5, 1917.

IMPROVEMENT DISTRICTS—DRAINAGE DISTRICTS—EXEMPTION OF CERTAIN CHURCH PROPERTY.—Act 368, page 890, Acts 1907, creating the Western Clay Drainage District, held valid, although it exempts from assessment lands upon which churches and parsonages are erected in cities and towns, but does not exempt similar property in rural districts; the legislative determination in the matter will be upheld, the same not being arbitrary or beyond the scope of reason. (*Martin* v. *Reynolds*, 125 Ark. 163, expressly overruled.)

Appeal from Clay Chancery Court, Western District; *Chas. D. Frierson*, Chancellor; affirmed.

*S. A. D. Eaton*, for appellant.

1. The Act is unconstitutional and void as by its terms it exempts certain property in the district from assessment, etc. It is void on its face. It exempts school lands, churches and parsonages in cities and towns, but not those outside or rural, etc. Acts 1907, 897; 188 S. W. 4; 125 Ark. 163; 46 Ark. 312; 48 *Id.* 371; *Ib.* 251; 25 *Id.* 289; 94 U. S. 260.

2.   There is no estoppel if the Act is void.   55 Ark. 157;  58 *Id.* 270;  94 U. S. 260;  61 Ark. 74;  83 *Id.* 275; 31 *Id.* 701;  58 *Id.* 270;  32 *Id.* 576;  59 *Id.* 360;  130 U. S. 674 and others.   There were no laches.

*D. Hopson* and *G. B. Oliver*, for appellees.

1.   The Act is not unconstitutional nor void.   It was upheld in 87 Ark. 8.

2.   The matter is *res adjudicata.*   23 Cyc. 1246 (c) M. 36;  24 A. & E. Enc. Law, 758 (g), and notes 5, 6, 7; 114 Pac. 816;  106 S. W. 707;  237 U. S. 662;  213 Fed. 660.

3.   188 S. W. 4, *Martin* v. *Reynolds*, does not settle this case.   It is not the law.   The Legislature is the sole judge.   100 Ark. 366;  125 Ark. 163.

4.   Appellants are estopped.   184 U. S. 450;  194 *Id.* 553;  8 Cyc. 791 (9);  Cooley Const. Lim., pp. 250-2; Page & Jones on Special Assessments, § 1019;  118 N. W. 869;  124 *Id.* 492;  55 Ark. 148, 157;  2 Corpus Juris., § 114, 124;  124 N. Y. S. 14;  95 N. E. 911; 98 *Id.* 84;  100 *Id.* 35;  154 S. W. 55;  174 *Id.* 986; 163 *Id.* 806.

McCULLOCH, C. J.   In the recent case of *Martin* v. *Reynolds*, 125 Ark. 163, we decided that a special statute creating a certain drainage district was void on its face for the reason that the following designation of the property to be assessed for taxation to pay for the improvement was discriminatory:

"All lands whether surveyed or unsurveyed, except lands of the United States;  all school lands, except tracts not to exceed three acres in area on which school buildings have been erected, or are in course of erection; all railroads owned, leased or operated in said district, including sidetracks;  and all other real property belonging to railroad companies or bridge companies;  all tramroads, whether made of wood, iron or steel;  all town lots and blocks and other subdivisions of land in cities and towns, except those on which churches and parsonages are erected, and every other kind or char-

acter of real property whatsoever situated within said drainage district."

The particular part of the designation found to be discriminatory was that which exempted lots and blocks in towns, on which churches and parsonages were situated, and included rural lots or tracts on which such buildings were situated, to be assessed according to benefits, the same as other property. The opinion was expressed in the case that the discrimination against the lands in rural territory on which churches and parsonages were situated was purely arbitrary and could not be treated as a legislative determination that lands in towns on which such buildings were situated would receive no benefit from the proposed improvement because no reason could be discovered why the same rule should not apply to such rural lands.

Since that decision was rendered it is found that the statute in question is an exact copy of a special statute enacted by the General Assembly of 1907 (Act 368, p. 890), creating the Western Clay Drainage District in Clay county and appellants, who are the owners of real property in said last named district, instituted this suit in the chancery court of Clay county to annul the proceedings under said statute. They have adopted the same form of complaint, with identical allegations, as in the case of *Martin* v. *Reynolds*, *supra*, and ask the same relief. In the former case there was a demurrer to the complaint which we directed the chancery court to overrule, but in the present case appellees filed an answer, to which the chancery court refused to sustain a demurrer, and appellants declined to plead further and suffered a dismissal of their complaint. The answer of appellees, which by the demurrer is admitted to be true, alleged that there is only one parsonage building in the district, and that one is situated in the town of Corning; that no benefits have been assessed on rural church property because the assessors found that no benefits would accrue to such property from the improvement; and that no substantial benefit would accrue to such property in the towns. It is also alleged

in the answer that said improvement has been completed and paid for with the proceeds of bonds sold pursuant to authority contained in the statute and that there are no means afforded for raising funds with which to pay said bonds and interest thereon, except from assessments levied on benefits accruing to lands in the district.

Appellees also plead in bar of this suit a former adjudication as to the validity of the organization and the assessment of benefits thereunder, in a case decided by this court favorably to the validity of the proceedings. *Caton* v. *Western Clay Drainage Dist.*, 87 Ark. 9. We are asked to reconsider the question decided in the former case and to overrule that decision if now found to be erroneous.

After careful reconsideration of the matter, we are of the opinion that the exemption contained in the statute in favor of lands in the towns on which churches and parsonages are situated should be treated as a legislative determination that such property would receive no benefit from the improvement, and that that determination ought to be respected by the courts. It is a familiar principle often announced by this court, that a legislative determination in such matters must be respected unless the same is found to be arbitrary and entirely beyond the scope of reason. *St. L. Sw. Ry. Co.* v. *Grayson*, 72 Ark. 119; *St. L. Sw. Ry. Co.* v. *Board of Directors*, 81 Ark. 562; *Sudberry* v. *Graves*, 83 Ark. 344; *Moore* v. *Board of Directors*, 98 Ark. 113; *Salmon* v. *Board of Directors*, 100 Ark. 366; *Bd. Directors Crawford County Levee Dist.* v. *Crawford County Bank*, 108 Ark. 419; *Fellows* v. *McHaney, Recvr.*, 113 Ark. 363.

The error of our decision in *Martin* v. *Reynolds, supra,* was in saying that the omission of rural church property from the exemption was arbitrary and unreasonable; in other words, that the legislative determination, if treated as such, was a demonstrable mistake which rendered the statute discriminatory and void. There may have been a mistake in the determination of the lawmakers, but it was not such an obvious

one on its face as the court ought to say, as a matter of law, was an arbitrary and unreasonable exercise of power. There might reasonably be found a distinction between rural and urban church property with respect to deriving benefit from a drainage district. The situation of such properties is different and use of them may be made under different circumstances. Rural churches may be so situated that a complete drainage scheme in the locality will improve the approaches to them and result in direct benefit to the property as a place of worship, whereas, churches in a city or town, on account of other improvements in the way of grades, sidewalks and surface water outlets already constructed, may derive no benefit whatever from a general drainage scheme such as ordinarily enhances the value of other kinds of property, both urban and rural. We cannot, therefore, say in this instance that the legislative determination of no benefits to urban church property, as distinguished from that character of property in the rural districts, was arbitrary and unreasonable, and we ought not to have said so in the former case. Nor can it be said that the lawmakers would not have enacted the statute if they had found that rural church property would receive no benefit from the improvement, for it was entirely within their power to leave that matter in the hands of the assessors to determine that question.

We overrule a former decision with great reluctance, especially one involving a question of such importance, but in the present instance we find ourselves in the situation that we must overrule the decision found to be erroneous, or adhere to it, notwithstanding the error, and expose the court to the charge that a decision is now rendered which departs from a former adjudication with regard to the validity of this particular district, upon the faith of which obligations have been created and which would be impaired. Between the two disagreeable tasks, we choose to pursue the course which leads to less disastrous results and which now appears to be just and correct in point of law, and overrule the recent decision which we now conclude was erroneous.

It is not amiss to say, not as an apology for the present decision, but in further explanation of the former ones, that this feature in the case of *Caton* v. *Western Clay Drainage Dist.*, *supra,* was not called to our attention in the consideration of *Martin* v. *Reynolds*, and the similarity of the two statutes is not apparent from the opinion in the former case. Affirmed.

Mr. Justice WOOD concurs on the ground that appellants are estopped, he thinks, by their conduct in acquiescing in the construction of the improvement, to challenge the validity of the proceeding at this time.