CRAWFORD COUNTY LEVEE DISTRICT *v.* ALEXANDER.

Opinion delivered June 14, 1926.

LEVEES—LANDS SUBJECT TO TAX.—Acts 1909, p. 159, creating a levee
district and manifesting the intent that lands lying in front of
the levee should not be taxed, *held* to exempt lands in front of a
new section of the levee, though behind where the original levee
stood before it caved in.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*E. L. Matlock,* for appellant.

*Starbird & Starbird,* for appellee.

McCULLOCH, C. J. The Crawford County Levee District was created by special statute enacted by the General Assembly of 1909. Acts 1909, p. 159. The purpose of the organization was to provide for the construction of a levee along the bank of the Arkansas River between two stated points to protect the lands lying in that locality. The board of directors was named in the statute, and there was provision for letting contracts for the construction of the levee and the issuance of bonds and an annual levy of taxes on the lands in the district,

according to valuation, "as it shall appear each year upon the real estate assessment book of Crawford County."

The direction in the statute with reference to the duty and authority of the board of directors was that they should construct a levee along the Arkansas River front "on a line to be indicated and laid out by them so as to afford protection to the lands included in said levee district, and to protect and maintain the same in such effective condition as honest, able and energetic efforts on their part may obtain, by building, renewing, repairing or raising the levee herein provided for. * *,*"

Section 5 of the statute contains a provision that if, "in adjusting and preparing a list of lands subject to levee tax, it is found that lands have been listed not subject to levee tax, the board of directors of said levee district shall cause the taxes on such tracts to be refunded, and in no case shall taxes be collected for any land lying between the levee and the river or creeks, not protected from overflow by said levee." Pursuant to this statute, the board of directors of the district caused to be constructed a levee of standard height along the bank of the river, between the points named, and borrowed money to pay for the construction, and issued bonds, and taxes have been annually levied in accordance with the statute. Some of the bonds are still outstanding and unpaid, but the record does not disclose how much of the bonded debt is unpaid.

At the time of the creation of the levee district and the construction of the improvement, appellee was the owner of a tract of land containing one hundred sixty acres fronting on the Arkansas River, and his lands were taxed from year to year as other lands in the district. The levee thus constructed was of the standard height of thirty-eight feet, but the levee along the front of appellee's land has since then caved into the river, and the directors have constructed a levee twenty-seven feet high, back from the river, so as to give partial protection to the lands. This levee is not connected with the broken

ends of the original levee, but is constructed across a depression or swale, and connects at each end with lands on the same level with the top of the levee. There were ninety-five acres of appellee's land left after the levee and part of the adjacent lands caved into the river, and of this acreage there are forty-nine acres between the levee and the river, and forty-six acres lying back of the levee and partly protected by it. The board of directors has continued the levying of taxes upon the whole of the lands of appellee, and the latter objected to paying on any of the lands except that part which is behind the levee and receives protection. That forms the controversy in this case. Appellee offered to pay the taxes on the lands back of the levee, but refused to pay on the lands in front of the levee, and instituted this action to prevent the board of directors from enforcing the payment of taxes. The chancery court granted the relief which appellee prayed for, and an appeal has been prosecuted by the levee district.

Our conclusion is that, upon the peculiar language of this particular statute, the chancery court was correct in its conclusion. This is not a case like *Salmon* v. *Long Prairie Levee District*, 100 Ark. 366, where we held that the destruction of a levee by caving or washing away did not absolve the lands from the lien for the payment of the cost of the construction. Nor is it a case where the assessment is made in advance for the whole cost of the improvement, for the statute now under consideration provides for an annual assessment upon the valuation fixed for State and county taxation in order to pay for the construction of the levee and for renewing, maintaining and repairing it. The statute provides that, whenever deemed advisable, the board of directors "may employ one or more competent surveyors, whose duty it shall be to survey any or all of the lands of the district, as they may be directed by the board, for the purpose of ascertaining the lands subject to taxation hereunder." This provision, when read together with the portion of § 5 quoted above, shows that the statute was intended to

mean that, whenever it was found that lands were lying in front of the levee, they should not be taxed. The board of directors is authorized by statute to protect and maintain the levee by "building, renewing, repairing or raising" it. The new section of levee across the broken space where the levee had caved into the river was constructed by the board pursuant to the authority conferred by the statute, and we think that the exemption of lands in front of the levee applies the same as if the lands had been in front of the original levee. Now, if we had a case where the whole of the levee caved in and it was necessary to rebuild it, none of the lands formerly behind the original levee would be exempt from taxes to pay the cost of the original improvement. But this is a case of renewing or repairing the levee, pursuant to the statute, which, as before stated, manifestly provides that, whenever the lands fall in front of the levee, they shall not be taxed to pay for such renewal or maintenance. Any other view would continue the burden of taxation on lands of appellee which could not receive any benefit.

Decree affirmed.