COLEMAN *v*. EIGHT MILE DRAINAGE DISTRICT No. TWO.

Opinion delivered December 9, 1912.

1.  DRAINAGE DISTRICTS—ASSESSMENTS—MANDAMUS—DEMURRER.— When A does work for a drainage district and prays mandamus to compel the meeting of the county court to levy an assessment to meet and pay his claim against the said district, his complaint is demurrable, where he fails to allege that the sum of the benefits originally assessed on the land have not been exhausted, nor that there remains of said amount so assessed a sum sufficient to discharge plaintiff's claim. (Page 25.)

2.  MANDAMUS—WHEN PROPER REMEDY.—Mandamus will not issue unless there is a clear legal right to the same shown, and no other remedy is provided, nor will it issue to compel an officer to do what the law will not compel him to do without it.    (Page 25.)

Appeal from Greene Circuit Court; *W. J. Driver*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant brought suit against appellee alleging that it was a partnership composed of certain members, naming

them, and sued the defendant, Eight Mile Drainage District No. 2 of Greene County, Arkansas, a *quasi*-public corporation, upon a contract entered into on the 17th day of November, 1908, under which it had in fact agreed to dig a ditch for the defendant and to remove not less than 435,557 cubic yards of earth in its construction and as many more yards as the supervising engineer should direct, at and for the price of ten (10) cents per cubic yard; that it performed said contract in accordance with its conditions and stipulations, excavating and digging 487,061 cubic yards of dirt, which amounted to the sum of $48,706.10, the price agreed upon; that on the 27th day of June, 1911, the supervising engineers issued to them a certificate of acceptance, stating that they had completed their contract in accordance with the plans and specifications and also the whole number of cubic yards of earth dug or excavated with the cost thereof at the price stated; also that defendants had paid them during the performance of the work $38,958.22, leaving a balance due them from said defendants in the sum of $9,747.88. That said certificate of acceptance of the work was filed with the clerk of the county court of Greene County on the 28th day of June, 1911, and said clerk on the 8th day of July, 1911, issued to plaintiffs thereupon a warrant numbered as said certificate drawn upon the county treasurer for the said sum of $9,747.98, the amount of the certificate, payable out of the funds of defendant drainage district, and bearing 6 per cent. interest per annum until paid.

That on the 13th day of July, 1911, plaintiffs presented said warrant to the county treasurer of Greene County for payment and received from said treasurer thereon the sum of $1,150, the treasurer refusing to pay the remainder due plaintiff's thereon of $8,597.88 and still fails and refuses to pay same.

That the county court of Greene County has failed and refused to meet and determine at what time and in what number of assessments or reassessments they will require the above amount due plaintiffs to be paid, or to call the commissioners of said drainage district together and cause a new or reassessment of the property of said drainage district so as to pay said indebtedness, although it had been duly requested so to do; that the amount due them as aforesaid would not be paid unless this court by writ of mandamus direct and

command said court to proceed at once to meet and cause such assessment or reassessment to be made as aforesaid.

Pray judgment for the said sum of $8,597.88 and that writ of mandamus be issued directed to the county judge of Greene County commanding him to proceed at once to meet and determine at what time and in what number of assessments or reassessments the court will require the amount due plaintiffs to be paid. That summons issue directed to the county judge of Greene County and the commissioners of the said drainage district and the engineers thereof, naming each of them, commanding each to appear on the first day of the next fall term of the circuit court and answer their complaint.

Copies of the contract, the engineers final estimate and certificate and of the warrant issued thereon are exhibited with the complaint.

Defendants interposed a general demurrer which was sustained by the court and plaintiffs declining to plead further, the court dismissed their complaint and rendered judgment for appellee for costs from which this appeal comes.

*W. S. Luna* and *Block & Kirsch,* for appellants.

No brief filed for appellee.

KIRBY, J., (after stating the facts). If it be conceded that the county court has power to make further assessment for the construction and completion of a public drain or ditch after the assessment first levied for that purpose has been exhausted it can not be contended that it can make any such assessment except upon the basis of benefits to the lands in said district for the construction thereof, the law expressly providing that "All assessments shall be made on the basis of benefits accorded by reason of the construction of the improvement and of giving an outlet for drainage." Section 1424, Kirby's Digest. See also, *Cribbs* v *Benedict,* 64 Ark. 555; *Kirst* v. *Improvement Dist.,* 86 Ark. 1; *Alexander* v. *Crawford County Levee Dist.,* 97 Ark. 322, 134 S. W. 618; *Moore* v. *Long Prairie Levee Dist.,* 98 Ark. 113, 135 S. W. 819.

It is nowhere alleged in the complaint that the sum of the benefits originally assessed upon the lands in the district has not been exhausted nor that there remains of said amount

of benefits so assessed a sum sufficient to pay and discharge the whole or any part of the warrant issued to the plaintiffs by the county clerk upon the treasurer for the balance due them under their contract for the construction of the public drain. Such being the case, the allegations of the complaint are not sufficient to show a right upon the part of plaintiffs to the relief prayed for. A writ of mandamus will not issue unless there is a clear legal right to same shown and no other remedy provided nor does it issue to compel any officer or tribunal to do that which the law will not compel him to do without the mandate. *Fitch* v. *McDiarmid*, 26 Ark. 482; *Graham* v. *Parham*, 32 Ark. 676; 26 Cyc. 150 and 153.

The court committed no error in sustaining the demurrer and the judgment is affirmed.