WATERWORKS IMPROVEMENT DIST. No. 2 *v.* LOGAN COUNTY.

Opinion delivered October 16, 1922.

MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—ASSESSMENT OF COUNTY PROPERTY.—The statutes which authorize the creation of municipal improvement districts and the assessment of real property lying therein do not provide that property exempted by Const. art. 16, § 5, from taxation for general revenue purposes shall be taxed for improvement district purposes, and in the absence of such authority a city has no power to impose assessments for waterworks purposes against land on which a county courthouse and jail are situated.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*George A. Hall,* for appellant.

The Constitution provides no exemption of public property except for general taxes. Art. 16, sec. 5; art. 19, sec. 27. Where no exemption is made as to local assessments, all property is subject to this tax, else the express command that "assessments for local improvements shall be uniform" would be destroyed. 130 Ill. 566; 55 Iowa 150; 26 Mo. 468; 48 Ark. 370; *Id.* 251.

Act 165 of Acts of 1907 does not attempt nor intend that any property be exempt from benefit assessments.

One who enjoys a benefit shall pay for it, is a principle of natural equity.

*Robert J. White,* for appellee.

While the Constitution does not expressly exempt certain classes of property named from taxation for local improvements, the case in 56 Ark. 354 holds that to include such property for taxation for local improvements there must be special legislative authorization therefor. Such authorization has been granted in cases of school districts, but not as to property used exclusively for courthouse and jails. See also 65 Ark. 343.

SMITH, J. This appeal involves the right of a municipal improvement district embracing the city of Paris, in Logan County, to impose an assessment of betterments against town lots on which a county courthouse and jail

were situated for waterworks purposes. The only defense to the suit is that authority for such assessments does not exist in the law. The court below so found, and dismissed this suit, which was brought to enforce the payment of delinquent assessments.

The power to assess public property used exclusively for public purposes, school buildings and other property exempted by the Constitution of 1874 (section 5, article 16) from taxation for general revenue purposes, for local improvement purposes, was thoroughly considered by this court in the case of *Board of Improvement* v. *School District,* 56 Ark. 335, and the majority opinion by Justice HEMINGWAY and the dissenting opinion by Chief Justice COCKRILL leave nothing to be added to the discussion.

The view was expressed in both opinions that such property was not exempt under the Constitution from assessments for local improvements, but it was the opinion of the majority that the statutes which authorized the creation of municipal improvement districts and the assessment of the real property lying therein did not provide that property exempted by the Constitution from taxation for general revenue purposes should be taxed for improvement district purposes, and, in the absence of legislative authorization, could not be taxed for such purposes.

By act of March 3, 1913 (section 5654, C. & M. Digest) it was enacted that the property of public school districts shall be subject to assessment for local improvements beneficial thereto; but there has been no legislation authorizing municipal improvement districts to tax other public property used exclusively for public purposes; and the action of the council of the city of Paris in including the courthouse and jail in the improvement district and in assessing benefits against that property was without authorization, and is therefore void, and the decree of the court below is affirmed.