W. T. RAINWATER ET AL, DIRECTORS OF BLYTHEVILLE
SCHOOL DIST. NO. 5 v. WILLIAM HAYNES ET AL
COMMISSIONERS OF STREET IMP. DIST. NO. 4

5-4600                                        428 S. W. 2d 254

Opinion delivered June 3, 1968

*Reid, Burge & Prevallet*, for appellants.

*H. G. Partlow Jr.*, for appellees.

JOHN A. FOGLEMAN, Justice. The sole question for
decision on this appeal from a declaratory judgment is
whether the property of a public school is subject to

assessment of benefits by a municipal street improvement district in which the property lies. Appellants contended in the lower court that it was not and that the assessment made in this case was invalid because the property was exempt from taxation under Article 16, § 5 of the Arkansas Constitution.

This court was first confronted with this question in 1892, when it held that this section of the constitution did not exempt a public schoolhouse from liability for such an assessment. *Board of Improvement* v. *School District of Little Rock,* 56 Ark. 354, 19 S. W. 969. The basis for this holding was that the exemption of school buildings and grounds relates only to taxes for general purposes of revenues and has no reference to special taxes or assessments for local improvements. That property was held to be exempt under the act (Mansfield's Digest, § 825 et seq.) because the court found no inference that the legislature intended to include school property in the real property to be assessed.

Subsequently, the General Assembly adopted Act 125 of 1913, § 7 of which [Ark. Stat. Ann. § 20-402 (Repl. 1956)] specifically provides that property of public school districts shall be subject to assessment for local improvements beneficial thereto and authorizes school districts to sign petitions for the making of said improvements. This act clearly supplied the legislative intent found missing in *Board of Improvement* v. *School District of Little Rock, supra.* A holding that the act was invalid would be contrary to the holding of that case for the reason that the constitutional exemption would certainly have been applied if such a statute could not supply the deficiency there pointed out. Although it seems that the point has not been passed upon directly since the adoption of the act, the liability of school property for such assessments has been recognized in the following cases:

*City of Malvern* v. *Nunn,* 127 Ark. 418, 192 S. W.

909, approving the action of the trial court in excluding school property not listed or valued by the tax assessor on the assessment roll from the taxable value of the property in a proposed district, where we said the act above cited subjected the property of public school districts to such assessments and that the property had a voice in the organization of the district according to its value fixed by the assessment roll.

*Waterworks Imp. Dist. No. 2 of Paris* v. *Logan County,* 155 Ark. 257, 244 S. W. 4, wherein the decision in *Board of Improvement* v. *School District of Little Rock, supra,* was approved, but it was said that court-houses and jails could not be assessed because there was no statutory authorization as there was then in the case of the property of public school districts.

*Fry* v. *Poe,* 175 Ark. 375, 1 S. W. 2d 29, wherein it is said that the right-of-way and roadbed of railroads are, along with churches and schoolhouses, subject to local assessments in municipal improvement districts.

In *Bensberg* v. *Parker,* 192 Ark. 908, 95 S. W. 2d 892, in a case involving church property, we again held that the constitutional exemption applies only to taxes for the general purposes of government and does not relieve those in whose favor the exemption exists from the obligation to pay special assessments which are charged upon property on the theory that such property is specially benefited thereby.

Appellees' argument overlooks the fact that these special assessments are not really "taxes" in the usual and ordinary meaning of the word. While both are referable to the sovereign power of taxation, the words "taxes" on the one hand and "assessment", "special assessments" or "local assessments" on the other, ordinarily have distinct legal meanings. The word "taxes" refers to exactions laid by the government for purposes of general revenue. The word "assessments" refers to

exactions laid for making local improvements for the benefit of property owners. The word "tax" does not include "assessments." *Board of Improvement Sewer Dist. No. 2* v. *Sisters of Mercy,* 86 Ark. 109, 109 S. W. 1165, 15 Ann. Cas. 347; *Martin* v. *Reynolds,* 125 Ark. 163, 188 S. W. 4; *Missouri Pacific R. Co.* v. *Izard Co. Highway Imp. Dist. No.* 1, 143 Ark. 261, 220 S. W. 452. See, also, *Wood* v. *Henderson,* 225 Ark. 180, 280 S. W. 2d 226.

The whole foundation of our improvement district system in Arkansas is expressed by the Honorable Horace Sloan in his definition of local assessments in his scholarly treatise entitled "Improvement Districts in Arkansas." This definition appears therein as § 1 and reads:

"A local assessment is a compulsory contribution, levied by the Legislature or pursuant to legislative delegation of authority, for the purpose of defraying all or a part of the expense of constructing or maintaining a specific local improvement of a public nature and imposed upon the property specially and peculiarly benefited by such local improvement in proportion to but not substantially in excess of the benefits so received by the property affected."

See *McGehee* v. *Mathis,* 21 Ark. 40; *Davies* v. *Gaines,* 48 Ark. 370, 3 S. W. 184; *Coleman* v. *Eight Mile Drainage Dist. No.* 2, 106 Ark. 22, 152 S. W. 1004; *Bensberg* v. *Parker,* 192 Ark. 908, 95 S. W. 2d 892; *Ragsdale* v. *Cunningham,* 201 Ark. 848, 147 S. W. 2d 20.

Such assessments are justified by the peculiar and special benefits which the improvements bestow upon the property assessed. *Kirst* v. *Street Imp. Dist. No.* 120, 86 Ark. 1, 109 S. W. 526; *St. Louis, I. M. & S. R. Co.* v. *Board of Directors of Levee Dist. No.* 2, 103 Ark. 127, 145 S. W. 892; 1 Sloan, "Improvement Districts In Arkansas," § 2, p. 2. We find that the statute does not conflict with this constitutional provision.

While the claim of exemption under Article 16, § 5, of the Arkansas Constitution is the only issue raised in the lower court, appellants argue here that an additional reason for holding this legislation invalid is conflict with Article 14, §§ 2 & 3[1]. Because of the public interest involved, we elect to consider this contention. The former section prohibits the use of money or property belonging to the state school fund for any other than the purpose to which it belongs. The latter prohibits the annual tax voted by the electors of the district from being used for any purpose other than the maintenance of schools, the erection and equipment of school buildings and the retirement of existing indebtedness. In considering these prohibitions, we recognize that it is common knowledge that the annual tax on property in a school district is only one of its many sources of revenues.

The payment of attorney's fees for recovery of school funds from solvent sureties on the bond of an insolvent depository has been held to be a legitimate expenditure not in conflict with Article 14, § 2. *Board. of Education of Lonoke County* v. *Lonoke County,* 181 Ark. 1046, 29 S. W. 2d 268. The payment of professional appraisers employed to appraise all real estate in a county under Act 351 of 1949, as an aid to the tax assessor in assessing property for ad valorem taxes, is not prohibited by Article 14, § 3, as amended by Amendment 40. *Strawn* v. *Campbell,* 226 Ark. 449, 291 S. W. 2d 508. The payment of a just proportion of the salaries of the county collector and the county treasurer was held not to be an unconstitutional diversion of school funds. *County Board of Education* v. *Austin,* 169 Ark. 436, 276 S. W. 2. From these cases it seems clear that any use of those funds raised from taxation that results in benefits to those funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion. The benefits to be derived by school districts in performing their

[1]As amended by Amendments 11 & 40.

functions by construction of streets, sewers, water systems, electrical distribution systems, drains, levees, and other improvements which may be undertaken through improvement districts seem obvious. Certainly, direct expenditures by school districts for such improvements for its own use and benefit would not be considered diversion of school funds. There is no reason why the distribution of the financial burden proportionately among a number of properties so benefited should make it so.

If the school property was not benefited in this instance, appellants could have appealed the finding of the assessors to the city council for a hearing de novo. Ark. Stat. Ann. § 20-406. It then might have had the assessment against its property corrected by applying to the chancery court within thirty days after the publication of the city ordinance confirming the assessments was published. Ark. Stat. Ann. § 20-416; *Lenon v. Street Imp. Dist. No.* 512, 181 Ark. 318, 26 S. W. 2d 572. In the absence of a showing that these procedures were successfully followed, it must be presumed that this school property was benefited.

The procedure for enforcing payment of the annual installments of assessed benefits is not a matter for determination on this appeal, not having been an issue in the lower court and having no bearing on the constitutional questions raised.

Appellants also contend that the act is permissive, in that it permits, but does not require the participation of the school district. This question was not in issue in the lower court, but we find it to be without merit. The act says that the property of public school districts *shall* be subject to assessment. The only part of the act which gives the school district any option is that permitting it to sign the petition seeking the creation of the district.

The decree is affirmed.