The Honorable Ted E. Mullenix State Representative 200 Rolling Acres Drive Pearcy, AR 71964-9422
Dear Representative Mullenix:
This is in response to your request for an opinion concerning a new sewer plant that is in the process of construction in the Lake Hamilton School District. Your question pertains to the Lake Hamilton Otpimist Club's request to connect their restroom facility to the new plant, which would involve laying a sewer line across school property at no expense to the district. You have asked whether this is lawful since state funds are being used to construct the plant.
Your question is not easily answered with a simple "yes" or "no," because it involves a factual review of all surrounding circumstances. Article 14 of the Arkansas Constitution must be considered wherein it states:
 No money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs.
Ark. Const. art. 14, § 2.
Section 3 of Article 14 should also be noted wherein it provides that no school taxes shall be used for any purpose other than the maintenance of schools, the erection and equipment of school buildings and the retirement of existing indebtedness. Seealso Rainwater v. Haynes, 244 Ark. 1191, 428 S.W.2d 254
(1968).
This office has previously opined that the use of public school buses for transporting private school students would necessarily involve the use of school property for purposes other than those to which it belongs, contrary to the above constitutional provisions. Att'y Gen. Op. No. 90-311. Although we have found no cases directly on point, it might similarly be contended that the use of a school district's sewer plant by a private, non-profit organization such as the Optimist Club, would contravene Section 2 of Article 14, and possibly Section 3 if school district taxes are being used to construct the plant. The suggested use of the property may, therefore, be constitutionally suspect.
You note in your request that it would be beneficial for the district to allow the Optimist Club to hook up to its system because a sewer system functions better if operated full time. Whether or not this benefits the property to such an extent that no constitutional diversion will have incurred would involve a factual determination which this office cannot make. The courts have in some instances recognized as constitutional certain uses of school funds that benefit those funds or property or aid in the stated purposes for which the funds may be expended. See,e.g., Rainwater v. Haynes, supra (holding a school district liable for paying special assessments in connection with school property benefited by the improvement); County Board ofEducation v. Austin, 169 Ark. 436, 276 S.W.2d 2 (1925) (upholding payment of a portion of county collector and county treasurer salaries out of school funds).
There is, however, no clearly discernable test to be applied in this regard. The Arkansas Supreme Court has stated that the school authorities ". . . may, in their discretion, make any expenditure of the funds which is absolutely necessary for the proper maintenance of the school intrusted to their charge."Board of Education of Lonoke County v. Lonoke County,181 Ark. 1046, 1054, 29 S.W.2d 268 (1930). Under A.C.A. § 6-13-620 (12) (Supp. 1989), the board of directors of each district may "[d]o all things necessary and lawful for the conduct of efficient free public schools in the district."
We suggest that the district consult with counsel to whom it ordinarily looks for advice in order to assess the necessity of this use of school property. While we cannot offer a conclusive response, we hope that the foregoing offers general assistance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb