The Honorable Mike Beebe State Senator 211 W. Arch Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on whether interest monies on accumulated certificates of deposits of a public school district (which deposits may be net current revenues) may be used to provide scholarships to graduating valedictorians and salutatorians. You state that it is your understanding that interest funds on these deposits are not considered "net current revenue," and you inquire as to whether they could be used for scholarship purposes.
For the reasons that follow, it is my opinion that the granting of scholarships from "net current revenue" interest funds would, in all likelihood, be found lawful, as long as certain conditions are met.
Although the issue is not perfectly clear, interest funds are not necessarily "net current revenue." There may be an argument to the contrary based upon the rule enunciated in Miles v. Gordon,234 Ark. 525, 353 S.W.2d 157 (1962) (unless lawfully separated from the principal, the interest on public funds becomes an accretion thereto and may be used for the purposes for which the principal may be used.) See also Mears v. Little Rock SchoolDist., 268 Ark. 30, 593 S.W.2d 42 (1980), and Hartwick v.Thorne, 300 Ark. 502, 780 S.W.2d 531 (1989). The interest on these certificates of deposits, then, under this rule, would be net current revenue, and could be used for any purposes for which "net current revenue" may be used. This term is defined at A.C.A. § 6-20-307 (Cum. Supp. 1991). This statute requires that seventy percent of "net current revenue" be paid to the certified personnel in the district. A.C.A. § 6-20-307 (c). There is an additional requirement that certified personnel receive 56% of any increase of net current revenue from one year to the next. A.C.A. § 6-20-319(4)(A). An argument can be made, therefore, that the interest accruing on these funds must be included in a district's "net current revenue" and the percentages above distributed to the personnel from the principal and interest combined. The statute defining "net current revenue" does not state that interest is included in the meaning of the term. On the other hand, nor does the statute "lawfully separate" interest from the principal funds included in "net current revenue." We have, moreover, found no other statute to this effect.
It must be noted, however, that "net current revenue" is not, in most instances, a tangible separate sum sitting in an account to which interest accrues. Public school funds are maintained in various accounts to which interest accrues. "Net current revenue" is merely a calculation used to determine what percent of certain public school funds are used to compensate certified personnel. It does not exist as a separate fund. The interest accruing is on public school funds in general, and as such may be used for any purpose to which public school monies may be put.
It is clear, moreover, in my opinion, that the rule of Miles v.Gordon was not intended to mandate a proration of interest monies collected on funds which are designated for specific purposes. The rule in Miles is of constitutional proportions and ensures that monies "arising" from a tax levied for one purpose are not expended for another. Arkansas Constitution, art. 16, § 11. The rule provides that interest funds become an accretion to the principal, and may be used for any purposes forwhich the prinicpal could be used. The rule in Miles v. Gordon
does not require that the interest funds be put to the exact same purposes, in the exact same proportions, as the principal. It merely requires that the interest be expended for purposes to which the principal might be put. In Arkansas, the principal of public school funds may be put to any lawful purpose by a school district board.
It is my opinion, therefore, that interest monies accruing on funds which may be included in the calculation of "net current revenues" may be used for scholarships as long as this is a lawful expenditure of public school funds. Our inquiry thus becomes whether the awarding of scholarships from these funds is a constitutional and lawful expenditure of public school funds.
There is currently no specific statute on the books which allows school districts to grant scholarships to graduating students. We must therefore look to the Arkansas Constitution, and the general statutes governing the broad powers of school districts, to determine if such authority exists and could be exercised lawfully and constitutionally. The Arkansas Constitution provides at Art. 14, § 1 as follows:
 Intelligence and virtue being the safeguard of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education. The specific intention of this amendment is to authorize that in addition to existing constitutional or statutory provisions the General Assembly and/or public school districts may spend public funds for the education of persons over twenty-one (21) years of age and under six (6) years of age, as may be provided by law, and no other interpretation shall be given to it.
Arkansas Constitution, art. 14, § 1, as added by Arkansas Constitution Amendment 53.
This article also provides that "No money or property belonging to the pubic school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs." Arkansas Constitution, art. 14, § 2. The same article also provides that ". . . no [school] tax shall be appropriated for any other purpose nor to any other district than that for which it is levied." Art. 14, § 3, as added by Amendments 11 and 40.
In my opinion, two conclusions of law must be reached to determine whether scholarships may be awarded from public school funds by local school districts. First, the school district must have been granted the authority to award such scholarships by the General Assembly, and second, the use of public funds for these scholarships must represent a purpose to which public school funds may be put under our constitution.
School districts are granted broad authority by the General Assembly to "[d]o all . . . things necessary and lawful for the conduct of efficient free public schools in the district." A.C.A. § 6-13-620(12) (Cum. Supp. 1991). The same statute provides that a school district may "[i]ssue warrants on the county treasurer . . . for any . . . lawful purposes." A.C.A. § 6-13-620(8). The General Assembly has thus granted local school districts authority to do all things "necessary" and "lawful" in conducting the free public schools. It may be argued that the awarding of scholarships to valedictorians and salutatorians is not a "necessary" expense of conducting the public schools. The Attorney General of Texas was presented with this precise question in a recently issued opinion of his office. See Texas Opinion No. JM-1265, (1990). In that opinion it was stated as follows:
 [It is suggested] that an expenditure for scholarship purposes would not appear `necessary' to conduct a public school. Certainly such an expenditure is not `necessary' if necessary is taken to mean `indispensable.' However, the word necessary as used in [Texas statutes], has been construed as permitting such expenditures as medical inspection, cafeterias, crossing guards, and the reimbursement of certain expenses incurred by school board members. [Citations omitted.] Other examples could be cited. None of the expenditures in these examples is, strictly speaking, indispensable to the conduct of a public school. In the context of [the Texas statute] `necessary' appears to mean appropriate or conducive to the conduct of a public school rather than indispensable thereto.
 Determining whether an expenditure is necessary is a matter for a school board in its sound discretion. Moreover, any expenditure of public funds must serve a true public purpose and not merely private ends. [Citations omitted.]
 The encouragement and motivation of students in academic achievement would seem to be an appropriate function of the public free schools. Accordingly, it is not possible to say, as a matter of law, that a scholarship could not be structured to further the achievement of a legitimate public purpose of a school district in its conduct of the public schools.
It is my opinion, although the question is a novel one in our state, that our statute would be similarly construed. It was stated in Rainwater v. Hayes, 244 Ark. 1191, 428 S.W.2d 254
(1968) that "any use of those funds raised from taxation that results in benefits to those funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion." 244 Ark. at 1195. It has also been held in Arkansas that broad discretion is vested in the board of directors of each school district in the matter of directing the operation of the schools and a court has no power to interfere with that discretion unless there is a clear abuse of it. Safferstone v. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962).
It is thus my opinion that a local school district has been granted the requisite authority to expend school district funds in this manner, so long as for a constitutional purpose.
As stated previously, our constitution requires that public school funds only be used for the respective purposes to which they belong. These funds cannot be appropriated for any other purpose than those for which levied. Arkansas Constitution, art. 14, §§ 2 and 3. Our constitution was amended, however, in 1968 to provide that ". . . public school districts may spend public funds for the education of persons over twenty-one . . . as may be provided by law."
Amendment 53, as incorporated in Article 14, § 1. This provision would appear to sanction the use of public school funds for scholarships to graduating seniors, as long as provided for by law. As stated above, it is my opinion that the General Assembly has given broad authority to school districts in this regard. As such, any "necessary and lawful" expense would be "as provided by law."
It is therefore my opinion, although the Arkansas Supreme Court has never been faced with the question, that a public school district could lawfully and constitutionally expend interest funds on "net current revenue" for providing scholarships to graduating valedictorians and salutatorians.[1] Compliance with the statutorily mandated percentages for teacher salaries, however, must be had.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A school district should scrutinize very carefully, however, the granting of scholarships which will ultimately inure to the benefit of religious or other private colleges or universities. Although the use of public scholarships in such a fashion has been upheld in certain instances, (see, e.g.,Lendall v. Cook, 432 F. Supp. 971 (E.D. Ark. 1977)), more stringent restrictions may attend the use of public school monies, as opposed to general state tax dollars, for these purposes. The district's regular counsel should be consulted on this issue.