The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion on the following question:
 What is the legality of the Board of Education granting loans to teachers to return to college/university to improve their teacher career?
Your request refers to the "Heber Springs Board of Education," and then later refers to policy of the "district" regarding loans to teachers. I assume, therefore, that your question refers to whether the Heber Springs School District, through its board of directors, may authorize loans of school district funds to teachers to further their educations. You note that the policy of the district is to allow teachers to borrow up to one thousand dollars a year, which can only be used to pay for college tuition and books, to improve their teacher careers. Loans must be repaid within eighteen months, and repayment of the loan is through payroll deduction and includes the payment of interest. If the teacher leaves the district before repaying the loan, the total outstanding must be deducted from the teacher's last paycheck or the district may ask that the teacher's certificate be revoked.
For the reasons that follow, it is my opinion that this practice would, in all likelihood, withstand a legal or constitutional challenge.
It was noted in Op. Att'y Gen. No. 91-411 (copy enclosed) that, generally, school districts are not permitted to loan public school funds to nonprofit corporations, for-profit corporations, associations, institutions or individuals. See also Op. Att'y Gen. No. 85-213, copy enclosed. That opinion addressed the very general question of the legality of such donations or loans of school funds, without reference to any facts surrounding a given proposal. The threshold inquiry in each instance, however, is the proposed use of the funds. See Op. Att'y Gen. No. 91-315. If the primary purpose of the expenditure is for the benefit of public education rather than for the benefit of the individual, association, or corporation, it appears that grants or loans of funds to such entities are not per se prohibited. It has been stated that "any use of those funds raised from taxation that results in benefits to those funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion." Rainwater v. Haynes,244 Ark. 1191, 428 S.W.2d 254 (1968). Thus, while school funds could not ordinarily be used to grant loans or donations to persons in the absence of a primary benefit flowing to education, it is my opinion that loans to teachers to improve their knowledge and skill, which knowledge and skill will inure to the benefit of the school district, would generally be an expenditure "for the benefit of public education." See Magnolia School District No.14 v. Arkansas State Board of Education, 303 Ark. 666, 671,799 S.W.2d 791 (1990).
It is therefore my opinion that the expenditure of school funds for such purposes would withstand constitutional challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
ELC:WB/cyh
Enclosures