The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 Whether the Bismark School District can use taxpayers money (General Fund) to buy signs, tee-shirts, and a canvas to openly campaign for a millage increase?
 It is my opinion that the answer to your question is "no."
Research has disclosed no controlling Arkansas precedent on the question. The relevant provision, in my opinion, is art. 14, § 3
of the Arkansas Constitution, which provides for the levy of school taxes and states that ". . . no such tax shall be appropriated for any other purpose nor to any other district than that for which it is levied." The Arkansas Supreme Court inMagnolia School Dist. No. 14 v. Arkansas State Board ofEducation, 303 Ark. 666, 799 S.W.2d 791 (1990), in upholding the expenditure of school funds to pay court ordered desegregation costs, reviewed prior case law which construed this provision. The court cited Board of Education of Lonoke County v. LonokeCounty, 181 Ark. 1046, 29 S.W.2d 268 (1930), which relied uponTaylor v. Matthews, 75 S.E. 166 (1912) for the following proposition:
 But while the expenditure of public schools funds is confined to public schools, we are of the opinion that in the conduct of the public schools the proper authorities (such as trustees of the school district) may, in their discretion, make any expenditure of the funds which is absolutely necessary for the proper maintenance of the school entrusted to their charge. Likewise, we are willing to give broad discretion to those charged with the proper maintenance of our schools. 303 Ark. 666 at 670, citing Taylor v. Matthews, supra.
The court in Magnolia also cited Rainwater v. Hayes,244 Ark. 1191, 428 S.W.2d 254 (1968), where the court held that any use of school funds that results in benefits to school funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion. The court inRainwater held that the payment of local improvement district benefit assessments from school funds was not unauthorized.
It is my opinion, however, applying these precepts, that the use of school funds for expenses related to a millage increase campaign would be unlawful. It is not "absolutely necessary for the maintenance of the school," nor does it "aid in the stated purposes" for which school funds may be expended. A similar conclusion was reached in Op. Att'y Gen. 86-126 (Unofficial), a copy of which is enclosed. At issue was whether a county could expend county funds on an advertising campaign to raise its sales tax. It was therein concluded that "[t]he promotion of one side of an issue in a county election is not a "county purpose" or a "public purpose" for which the county is authorized to make appropriations to support." See also Smith v. Dorsey,599 So. 2d 529 (Miss. 1992) (upholding a lower court determination that a school district's payment of school funds to campaign workers working to support a bond issue was a "blatant and unauthorized" expenditure of public funds). 599 So. 2d at 535. It is my opinion, similarly, that the promotion of one side of a school district millage increase election is not a proper expenditure of school funds.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure