The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion on two questions regarding the expenditure of school funds. Specifically, your two questions are as follows:
 1. In order for its employees to obtain preferential pricing from a vendor, may a school district agree to assume financial responsibility for the personal expenses of its employees?
 2. Does the existence of a contractual agreement between the school district and its employee that grants the district the right to payroll deduct any expenses that it might become obligated for have any bearing on the answer to the above question?
Specifically, you have enclosed a letter from the CPA for the Texarkana School District which indicates that a cellular telephone company recently approached the district with a proposal which would allow district employees to obtain governmental pricing for cellular telephone services. Under the proposal, however, the school district would be required to assume financial responsibility for any expense not paid by the employee. The company indicates that some governmental entities require a promissory note from employees granting the right to payroll deduct any amounts which become the responsibility of the employer. The District's CPA is uncomfortable with the proposal and has therefore asked you to obtain my opinion on the question.
It is my opinion that the answer to your first question is "no," and the answer to your second question is also "no."
Article 14, § 3 of the Arkansas Constitution addresses the levy of school district taxes, and provides that ". . . no such tax shall be appropriated for any other purpose nor to any other district than that for which it is levied." In my opinion an agreement to obligate school district funds to pay the personal expenses of employees would run afoul of this provision. The Arkansas Supreme Court in addressing this provision has held that any use of school funds that results in benefits to school funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion.Magnolia School District No. 14 v. Arkansas State Board ofEducation, 303 Ark. 666, 799 S.W.2d 791 (1990), citingRainwater v. Hays, 244 Ark. 1191, 428 S.W.2d 254 (1968). The court in Magnolia also cited Taylor v. Matthews, 75 S.E. 166 (1912), which had previously been cited with approval in Boardof Education of Lonoke County v. Lonoke County, 181 Ark. 1046,29 S.W.2d 268 (1930), for the following proposition:
 But while the expenditure of public school funds is confined to public schools, we are of the opinion that in the conduct of the public schools the proper authorities (such as trustees of the school district) may, in their discretion, make any expenditure of the funds which is absolutely necessary for the proper maintenance of the school entrusted to their charge. Likewise, we are willing to give broad discretion to those charged with the proper maintenance of our schools.
303 Ark. at 670, citing 75 S.E. 166.
As can be seen from the language above, the court has held that expenditure of school funds must be "confined to public schools" and "absolutely necessary" for proper maintenance of the school (in the discretion of the directors). Additionally, the court inMagnolia has stated that the expenditure must result in benefits to school funds or property or aid in the stated purposes for which the funds may be expended. In my opinion a school district expenditure to cover the personal cellular telephone expenses of an employee would not be for school purposes, and would run afoul of the Arkansas Constitution. Additionally, in my opinion, the fact that the expenses might be recouped by the school district through payroll deduction would not operate to cure the unconstitutional diversion.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh