The Honorable Steve Luelf State Senator P.O. Drawer 447 Mountain Home, AR 72653
Dear Senator Luelf:
This is in response to your request for an opinion regarding the tax exemption extended to disabled veterans under A.C.A. §26-3-306 (Repl. 1992). The specific question posed is whether the property tax exemption applies to levies for a sewer on the same property.
I assume, although it is not entirely clear from your correspondence, that the "levies" in question are imposed by an improvement district through an assessment process. Assuming that is the case, it is my opinion that the answer is "no." The tax exemption under A.C.A. § 26-3-306 does not, in my opinion, apply to such levies.
The tax exemption under this Code section applies to "all state taxes on the homestead and personal property owned by the disabled veteran." See A.C.A. § 26-3-306(a) (Repl. 1992). Although my research has disclosed no case directly on point with respect to this particular exemption, it is generally held that "taxes" and improvement district "assessments" are distinguishable. See Rainwater v. Haynes, 244 Ark. 1191,428 S.W.2d 254 (1968) (regarding the constitutional exemption under Ark. Const. art. 16, § 5). The court in Rainwater stated the following with regard to municipal street improvement assessments:
 [T]hese special assessments are not really `taxes' in the usual and ordinary meaning of the word. While both are referable to the sovereign power of taxation, the words `taxes' on the one hand and `assessment,' `special assessments,' or `local assessments' on the other, ordinarily have distinct legal meanings. The word `taxes' refers to exactions laid by the government for purposes of general revenue. The word `assessments' refers to exactions laid for making local improvements for the benefit of property owners. The word `tax' does not include `assessments.' [Citations omitted.]
244 Ark. at 1193-1194.
The following language from another case cited in Rainwater is, I believe, determinative of your question:
 `It is the well-established rule that a constitutional or statutory exemption from taxation is to be taken as an exemption from ordinary taxes, for the general purposes of government — state, county, or municipal — and does not relieve those in whose favor such exemption exists from the obligation to pay special assessments for local improvements which are charged upon property on the theory that such property is specially benefited thereby.' [Citation omitted.]
Bensberg v. Parker, 192 Ark. 908, 910, 95 S.W.2d 892 (1936).
It is therefore my opinion that the exemption from "state taxes" under § 26-3-306 does not include levies in the nature of special benefit assessments such as are charged by improvement districts. This conclusion is particularly compelled in light of the general rule requiring strict construction of exemptions from taxation.See generally Hilger v. Harding College, 231 Ark. 686,331 S.W.2d 851 (1960).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh