The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on the possibility of a school district making a lump sum payment to an industry in the hopes of inducing the industry to locate within the boundaries of the school district. Specifically, you present a situation in which an industry is considering establishing a facility in one of the small communities in your area, but note that the industry in question uses a substantial amount of water in its operations. The local water rates in the community, however, are higher than the industry wishes to pay, by an amount of approximately twenty-five thousand dollars a year. Because the industry would add substantially to the ad valorem tax base in the community and would result in the local school district receiving approximately ninety thousand dollars a year in additional property tax revenues, the school district would be willing to pay the excess twenty-five thousand per year from school funds. You have therefore asked my opinion on the following question:
 In the above situation, would it be lawful for the school district to pay from funds of the district the $25,000 annual excess cost of water for the industry?
It is my opinion, although this proposal seeks to aid in the laudable goal of attracting much needed industry to the area and school district, that its implementation would violate Arkansas law.
I assume, as an initial matter, that the "funds of the district" which the school district proposes to use to make the payments, will include tax moneys raised through ad valorem taxation in the district. Arkansas Constitution, art. 14, § 3 governs the procedure for levy of such property taxes and provides in the last sentence thereof that: "Provided, that no such tax shall be appropriated for any other purpose nor to any other district than that for which it is levied." In addition, art. 14, § 2 of the Arkansas Constitution provides that:
 No money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs.
Thus to the extent the proposal involves the use of moneys arising from ad valorem taxation, or moneys belonging to the public school fund or to the State, these provisions will be applicable, and in my opinion will prevent the use of these moneys in the manner suggested.
Although it was broadly stated in Rainwater v. Haynes, 244 Ark. 1191,428 S.W.2d 254 (1968) that: "any use of [school] funds raised from taxation that results in benefits to those funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion," (244 Ark. at 1195), I can find no precedent for the payment of a lump sum amount by a school district to a private industry to induce the industry to locate within district boundaries. The applicable cases upholding various expenditures of school funds under these constitutional provisions each involve purposes more nearly related to the operation of the schools. See, e.g., Rainwater v. Haynes, supra
(payment of improvement district special assessments from school funds not unconstitutional); Magnolia School District No. 14 v. Arkansas StateBoard of Education, 303 Ark. 666, 799 S.W.2d 791 (1990) (moneys spent to further Pulaski County desegregation not unconstitutional diversion); andFayetteville School District No. 1 v. Arkansas State Board of Education,313 Ark. 1, 852 S.W.2d 122 (1993) (recoupment by the state of overpaid state educational moneys not an unconstitutional diversion). In my opinion the proposal you suggest would be more nearly in line with those cases which have found an unconstitutional diversion of school funds.See, e.g., Terry, County Judge, v. Thornton, 207 Ark. 1019,183 S.W.2d 787 (1944) (law which authorized the savings to school districts by reduction of salaries of county officials to be kept by the county was unconstitutional); and County Board of Education v. Austin, 169 Ark. 436
(1925), (law which authorized the proportionate excess of fees from school fund over the salaries of the county treasurer and collector to be deposited in the county general fund was unconstitutional." See also Op. Att'y Gen. 91-411 (school district may not generally make contributions to private corporations); and Op. Att'y Gen. 85-213 (school district may not constitutionally donate money to the Arkansas School Boards Association). See also generally, Op. Att'y Gen. 88-286 (tax incentive plan whereby school district would waive increased property taxes on behalf of industry it hoped to attract to district would violate Arkansas Constitution).
In addition, a question may arise as to the school district's ability to commit future funds of the district for such annual payments. School districts, with limited exceptions, are not permitted to incur obligations in any year in excess of the revenue receipts of the district for that year, or to pay obligations arising in one year from a different year's revenue, unless expressly authorized. See A.C.A. § 6-20-402
(Supp. 1995). This provision may prevent the district from giving any assurance to the industry, through contract or otherwise, that it will indeed make yearly payments to effect the proposal.
It is therefore my opinion that the Arkansas Constitution and Arkansas statutes would in all likelihood prohibit the action suggested.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh