The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, AR 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following question:
 Could an Arkansas school district provide scholarships for students to attend an Arkansas institution of higher education for which, in return, these students would agree to teach in that school district for an agreed to number of years as a way to forgive the loan?
RESPONSE
Although you initially characterize the proposed arrangement as a "scholarship," it appears to be more in the nature of a loan, given the fact that it envisions repayment in the form of a teaching commitment. The particular terms of a loan of this nature would need to be scrutinized to conclusively decide the matter. Generally, however, it is my opinion that a school district in all likelihood has the authority to enter into a "loan" agreement of this nature.
Please note that I have enclosed a copy of a previous Attorney General Opinion that was issued in response to the question whether a school district board of directors could authorize loans to teachers to improve their teaching careers. The loans were to be repaid through payroll deductions and included a condition that if the teacher left the district before repaying the loan, the total outstanding would be deducted from the teacher's last paycheck or the district could ask that the teacher's certificate be revoked. It was concluded that this would likely withstand a constitutional challenge, under the theory that "loans to teachers to improve their knowledge and skill, which knowledge and skill will inure to the benefit of the school district, would generally be an expenditure `for the benefit of public education.'" Op. Att'y Gen. 91-440 at 1, citing Magnolia School District No. 14 v. Arkansas State Board ofEducation, 303 Ark. 666, 671, 799 S.W.2d 791 (1990). The opinion noted that school districts are generally not permitted to loan public school funds to corporations or individuals, but that grants or loans are notper se prohibited "[if the primary purpose of the expenditure is for the benefit of public education rather than for the benefit of the individual, association, or corporation. . . ." The opinion cited the established general proposition that "any use of those funds raised from taxation that results in benefits to those funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion." Id., citing Rainwater v. Haynes,244 Ark. 1191, 428 S.W.2d 254 (1968).
I agree with this analysis, and conclude, generally, that a "loan" by a school district for a student to attend an Arkansas institution of higher education in return for a teaching commitment to the district would likely withstand scrutiny.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh