The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, Arkansas 72034
Dear Senator Baker:
I am writing in response to your request for an opinion on "whether a school district can use its funds to build and/or repair roads which are not on school property, but would provide access to a school in the district." You note that at least one school district is discussing this issue and that in that particular instance, the municipality in which the district lies has advised the district that it does not currently have the funds to perform the necessary road work. You make reference to Op. Att'y. Gen. 95-329, which involves a somewhat related question and which quotes language from Rainwater v. Haynes, 244 Ark. 1191, 428 S.W.2d 254
(1968), as possibly supporting the described use of such funds. You also state that "[w]hile understanding that the issue may be fact-specific, I would appreciate your opinion on this issue to the fullest extent that it can be delivered."
RESPONSE
Resolution of the question posed may indeed be "fact-specific." That is, it would be necessary to analyze all the facts surrounding the location, use and necessity of the repairs or construction and the particular funding utilized in order to definitively determine the answer. In my opinion, however, based upon the limited facts you have presented, the answer to your question is generally "no," absent facts indicating that the repair or building of the road is so connected to operation of the school that it could be considered necessary for school purposes.
The question must be initially addressed with reference to Sections 2 and3 of Article 14 of the Arkansas Constitution, which provide, respectively as follows:
 No money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than for the respective purposes to which it belongs.
Ark. Const. art. 14, § 2.
 [N]o [local school tax] shall be appropriated for any other purposes nor to any other district than that for what it is levied.
Ark. Const. art. 14, § 3.
It has been stated that "[t]he former section prohibits the use of money or property belonging to the state school fund for any other than the purpose to which it belongs. The latter prohibits the annual tax voted bythe electors of the district from being used for any purpose other than the maintenance of schools, the erection and equipment of school buildings and the retirement of existing indebtedness. Rainwater v.Haynes, 244 Ark. 1191, 1195, 428 S.W.2d 254 (1968) (emphasis added).
In addition, Amendment 74 to the Arkansas Constitution, adopted in 1996, establishes a uniform rate of tax for school districts to be "used solely for maintenance and operation of the schools." Amendment 74, § (b)(1) and (b)(3). Amendment 74(c) allows the levy of taxes in excess of the uniform rate for "maintenance and operation of the schools and the retirement of indebtedness." Amendment 74 (c)(1). Subsection (d) of Amendment 74 states that "maintenance and operation" means "such expenses for the general maintenance and operation of schools as may be defined by law."
The general powers of school districts are set out at A.C.A. § 6-13-620
(Supp. 2003). That statute provides in pertinent part as follows:
 (a) Except as prohibited under subsections (b) and (c) of this section, the board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
 (1) Have the care and custody of the schoolhouse, grounds, and other property belonging to the district and shall keep it in good repair and in sanitary and sightly condition.
* * *
 (12) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
* * *
 (b) Beginning on July 16, 2003, through July 1, 2004, notwithstanding any other provision of law, no school board of any public school or any governing body of a charter school or an educational cooperative shall enter into any contractual or project obligation exceeding seventy-five thousand dollars ($75,000) or one percent of the district's total state and local revenues for additional base funding, as defined on lines 15 and 16 of the Department of Education's May 16, 2002 State Aid Notice, whichever is greater, for the purchase, sale, construction, improvement, or repair of equipment, facilities, motor vehicles, buildings, or real property sites without the prior written approval of the state board or the Director of the Department of Education as allowed in emergency situations.
 (c) Beginning on July 16, 2003, through July 1, 2004, notwithstanding any other provision of law, no school board of any public school district or charter school shall enter into any personal, professional, or other service contract on behalf of the school district for a time period greater than one (1) year without prior written approval of the state board.
(d) Subsections (b) and (c) of this section shall not apply to:
(1) Currently binding contractual obligations;
(2) Enforceable court-ordered mandates;
 (3) Contracts entered into in connection with a bond issuance or a project financed with an issuance of bonds previously approved by the state board as required by law; or
(4) Regularly scheduled maintenance projects.
Other than the general powers listed above, my research has disclosed no other relevant statutory provisions that might address a school district's authority to use school funds for road improvements.
We do have the benefit of some Arkansas case law addressing a somewhat related issue. In Rainwater v. Haynes, supra (the case to which you refer in your request), the question presented was "whether the property of a public school is subject to assessment of benefits by a municipal street improvement district in which the property lies." Id. at 1191-92. The Arkansas Supreme Court held that the school district at issue was liable for the assessment; that it was not exempt from the assessment under Arkansas Constitution, Article 16, § 5 (exempting school property from advalorem taxes); and that imposing such an assessment on a school district did not violate Arkansas Constitution, Article 14, §§ 2 and 3 restricting school funds to use for school purposes. The court stated that "any use of those funds raised from taxation that results in benefits to those funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion." The court also stated that:
 The benefits to be derived by school districts in performing their functions by construction of streets, sewers, water systems, electrical distribution systems, drains, levees, and other improvements which may be undertaken through improvement districts seem obvious. Certainly, direct expenditures by school districts for such improvements for its own use and benefit would not be considered diversion of school funds.
There is no reason why the distribution of the financial burden proportionately among a number of properties so benefited should make it so.
Id. at 1195-96 (emphasis added).
Although this case, as you suggest, supports the use of school funds to pay for street improvements, the court was careful to point out in thedicta above that a school's direct expenditures for such improvements "for its own use and benefit" would not be considered a diversion of school funds. (Emphasis added). Although the school district inRainwater was required to pay the assessment, the amount it was required to pay from school funds was restricted to the benefit flowing to school property. In this regard, the court in Rainwater pointed out that "[i]f the school property was not benefited, the school could have appealed the levy of the assessors to the city council. Id. at 1196. In the absence of any such appeal, the court stated that "it must be presumed that this school property was benefited." Id. The school district in Rainwater was thus required to use school funds to pay the assessment, which represented the proportional amount of the benefit accruing to school property.
I am not at all certain, based upon the limited facts with which I have been presented, that the direct expenditure contemplated by your request would be one for the school district's "own use and benefit." Your question seems to imply that this would ordinarily be a municipal expenditure, but that lack of funds prohibits that option. Additionally, in my opinion, the assessment of school district property by a street improvement district, as approved in the Rainwater case, which assessmentis based entirely on the benefit accruing to the school district'sproperty, is a far different matter than a direct expenditure by a school district to improve streets or roads where the benefit may accrue to municipal citizens in general, as opposed to the school district's property, students, parents or personnel alone. The action you describe may be more nearly captured in dicta appearing in the case of SpecialSchool District of Fort Smith v. Sebastian County, 277 Ark. 326,641 S.W.2d 702 (1982), discussed below.
In the Fort Smith case, at issue was the county collector's commission that was deducted from ad valorem school taxes. The school district argued that the county collector's statutory commission could be applied to the necessary costs of collecting taxes, but that any excess amount of the commission over the necessary amount must be disbursed to the school district. Otherwise, the school district argued, a violation of Arkansas Constitution, art. 16, § 11[1] would occur. The court also noted Arkansas Constitution, art. 14, § 2 in this regard. The county argued that because it had a combined office of collector and sheriff, the monies in question could be applied to the expenses of both offices. The Arkansas Supreme Court held for the school district, stating that "the sheriff's expenses . . . cannot be funded by monies raised for school purposes." Id. at 329.
Relevant for our purposes is the following passage from the court's opinion:
 Certainly the collector, sheriff, or any other officer has a right to his salary up to the fees he collects (Ark. Stat. Ann. 12-1807) and arguably from those fees, his expenses. But that statute is limited by Art. 16 [§] 11. Were the collector to take the excess fees raised from school funds and apply them to road improvements, clearly Art. 16 [§] 11 would prohibit that.
Id. at 330.
This passage suggests that the application of school funds for road improvements is unconstitutional. Of course, the court made this comment in the Fort Smith case in the absence of any suggestion that school property would be particularly benefited by the expenditure.
The factual scenario you present presumably falls between the facts discussed in Rainwater (authorizing a school district to be assessed for the benefits of street improvements flowing to its property) and thedicta in Fort Smith (suggesting that using school funds for road improvements would be clearly unconstitutional). I have found no helpful case law discussing the legality of school district expenditures between these two extremes, where some benefit would flow to the school district, but where other entities might also benefit. Cf., however,
Kansas Op. Att'y Gen. 79-82 (a board of education has no authority to expend school funds for the purpose of constructing, maintaining and repairing diagonal parking facilities along a city street, but may expend school funds to construct, maintain and repair entrances to provide ingress and egress to and from such city streets to a school parking lot.)
The exact test to be employed in this regard is unclear. School district boards of directors, as noted above, have power to keep "property belonging to the district" in good repair and are empowered to do all things "necessary and lawful for the conduct of efficient free public schools in the district." A.C.A. § 6-13-620.[2] A school board will be granted some discretion in determining necessary expenditures. See Boardof Education of Lonoke County v. Lonoke County, 181 Ark. 1046,29 S.W.2d 268 (1930), citing Taylor v. Matthews, 75 S.E. 166 (1912). I have previously stated, however, that "the court has held that expenditure of school funds must be `confined to public schools' and `absolutely necessary' for proper maintenance of the school in the discretion of the directors. Additionally, the court in Magnolia [School District No. 14v. Arkansas State Board of Education, 303 Ark. 666, 799 S.W.2d 791
(1990)] has stated that the expenditure must result in benefits to school funds or property or aid in the stated purposes for which the funds may be expended." Op. Att'y. Gen. No. 2003-349.
Absent some additional facts indicating compliance with this standard, I must conclude that the answer to your question is generally "no."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] This provision states that: "No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose."
[2] The dollar limitation stated in A.C.A. § 6-13-620(b) must also be noted, if it would operate to prohibit this project absent the required approval.